**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jerry JENNINGS, Defendant-Appellant.**

**No. 10166.**

Missouri Court of Appeals,
Springfield District.

Aug. 15, 1977.

John D. Ashcroft, Atty. Gen., Frank Murphy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Don W. Owensby, Buffalo, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Jerry Jennings was tried as a habitual criminal and convicted of the second degree murder of Joe Woodruff. The trial judge sentenced defendant to life imprisonment. In this appeal he contends he was entitled to a preliminary hearing when the information was amended to charge first degree murder, an autopsy report was erroneously admitted as a business record, and that he should have had a mental examination. We affirm.

The sufficiency of the evidence to support the jury's verdict is not questioned. There was substantial evidence from which the jury could find that defendant fatally shot Woodruff with a shotgun and pushed the latter's body into a stream.

The original charge against the defendant alleged second degree murder, inasmuch as it omitted the word "deliberate." Following a preliminary hearing, the defendant was bound over to circuit court and the information charging second degree murder was filed. Thereafter, the state was permitted to amend the information by inserting "deliberately" as an element. Defendant claims the amendment was error and he was entitled to have the case remanded to the magistrate court for a preliminary hearing on the first degree murder charge.

The transcript reflects that prior to the amendment, the trial court explained to the defendant his rights concerning a preliminary hearing on the amended charge and that both defendant and his employed counsel advised the judge that defendant waived the defendant's "right to any preliminary hearing on the charge, as amended." Defendant's waiver is authorized under Rule 23.02, V.A.M.R., and the point is without merit.

There was no error in the admission of the autopsy report as a business record because the pathologist's secretary testified as to its identity, its mode of preparation, that it was made in the regular course of business, and at or near the time of the autopsy. The report met the statutory requirements of a business record [§ 490.680, RSMo 1969] and was admissible as such. *Rossomanno v. Laclede Cab Company*, 328 S.W.2d 677 (Mo. banc 1959). Pathologist's reports constitute an admissible business record if the statutory requirements are met. *State v. Payne*, 342 S.W.2d 950 (Mo.1961); *State v. Cheatham*, 340 S.W.2d 16 (Mo.1960). By the testimony of the unavailable doctor's secretary the autopsy report was properly admitted as a business record. The point is denied.

Defendant's final point is that the court should have ordered a psychiatric hearing as to mental condition under § 552.020, RSMo 1969. We are left in the dark whether the suggested psychiatric examination was for the purpose of determining mental disease or defect excluding responsibility or

mental disease or defect excluding fitness to proceed, but in either event we find no error.

Defendant, with employed counsel, entered a not guilty plea in January of 1975. Mental disease or defect excluding responsibility was not pled as a defense as required by the statute. § 552.030.2, RSMo 1969. On the date of trial, August 21, 1975, defendant's court appointed attorney made a rambling statement to the court in which he stated he wanted to call to the judge's attention that defendant had allegedly attempted self-destruction at some time in the past and he understood defendant was presently taking medication. The trial judge conducted an inquiry as to the nature and amount of medication defendant was taking, interrogated the defendant at some length, and concluded the defendant was competent to stand trial.

 Remote and unspecific incidents of emotional or psychiatric disturbances do not compel a trial judge to order a psychiatric examination. *State v. Harris*, 477 S.W.2d 42 (Mo.1972). Defendant assured the court he was not under the influence of drugs and was able to assist his attorney. The court is required to hold a hearing on the issue of competency only when a *bona fide doubt* exists as to the defendant's capacity. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Such a doubt is not shown by the record in this case.

 This appeal presents one other matter which requires discussion. After the case reached circuit court, defendant's employed attorneys were permitted to withdraw and the public defender was appointed to represent him. Following judgment, defendant was permitted to appeal as a poor person. At the request of the public

defender, the reporter included "everything, omitting nothing, including the preliminary hearing", and "Depositions, and everything else" in the transcript which was filed with us. At least one-half of the nearly 900 page transcript consists of matters which are not authorized under Rule 81.14, V.A.M.R.[1] The reporter's certificate of cost of preparing transcript shows a charge of $535.80 and certified this amount is provided by statute and is due from Dallas County. A second reporter's certificate of costs shows the sum of $471.90 "taxable as cost" in this court. The trial court is directed to allow the reporter as costs only those matters which are properly included in the transcript pursuant to the mandate of Rule 81.14, V.A.M.R.

The judgment is affirmed.

All concur.

---

1. Complaint, warrant for arrest, application to transfer prisoner to Greene County, order transferring defendant, application for continuance and suggestions in support and opposition, copies of subpoenas for magistrate court witnesses, letters to magistrate, suggestions in opposition to motion for continuance, transcript of preliminary hearing and index thereto, transcript from magistrate court to circuit court, motion to withdraw as counsel, letter and notice and motion for change of venue, letter and notice and amended motion for change of venue (including affidavits), order changing venue, letters, notices, various proceedings, copies of circuit court subpoenas, applications, motions, certificates, writs, bond reduction application, copy of deposition, copy of jury lists, etc.