STATE of Missouri, Plaintiff-Respondent,

v.

John Wilton WILLIS, Defendant-Appellant.

No. 10872.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 31, 1979.

Rehearing Denied Feb. 13, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven Clark, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Kirby W. Patterson, Springfield, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant John Wilton Willis was convicted of rape and two counts of first degree robbery by a Greene County jury and sentenced by the court under the Second Offender Act, § 556.280, RSMo 1969. His only point in this appeal is that the in-court identification of him by his three victims was unconstitutionally tainted by a suggestive lineup conducted by the police in which he was identified as the perpetrator of the felonies. He argues that the trial court erred in overruling his motion to suppress identification testimony because the procedure at the pretrial identification confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification as to constitute a denial of constitutional due process of law. We disagree with defendant and affirm the judgment.

Kimberly, Carla, Patricia and another young woman shared a Springfield apartment. Shortly after midnight, while the fourth young woman was away from the apartment, Kimberly awoke, having heard someone in the apartment. A black man, holding a towel over the lower portion of his face with one hand and with a knife in his other hand, entered Kimberly's bedroom. At knife point the man forced Kimberly into the bedroom occupied by Carla and Patricia. He raped Kimberly and robbed Carla and Patricia.

Defendant was arrested by police shortly thereafter and taken to the Springfield police station. Later in the day, with an attorney present, defendant and three other black men were placed in a lineup. The foursome were independently viewed by the three women and each identified defendant as the man they had seen at their apartment and who had committed the crimes. Again, at trial, each of the victims identified defendant.

The thrust of defendant's contention is that the lineup was unduly suggestive and unfair because: (a) there were only four individuals in the lineup; (b) two of the four were taller than the defendant; (c) defendant's coveralls were lighter in appearance than the coveralls worn by the other three lineup participants; (d) defendant had a more noticeable Afro haircut than the other three men; (e) some of the participants had more facial hair than defendant.

The standard of admissibility applied to identification testimony subsequent to a pretrial identification is "fairness" as required by the Due Process Clause of the Fourteenth Amendment. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The court looks at the totality of the circumstances surrounding the out-of-court identification. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Each case is judged on its own facts, and convictions based on eyewitness identification at trial following a pretrial identification will be set aside only if the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Simmons v. United States,* supra. That is to say, even if the pretrial identification procedure is determined to be unnecessarily suggestive, the conviction can still stand if, under the totality of the circumstances, "the out-of-court identification possesses certain features of reliability." *Manson v. Brathwaite,* supra, 432 U.S. at 110, 97 S.Ct. at 2251, 53 L.Ed.2d at 151.

■ We have viewed a copy of the black and white photograph taken at the lineup and closely examined the testimony of the three identifying witnesses, and we cannot agree with defendant that the lineup was either suggestive or unfair. Defendant makes no contention, and the record negates, that any suggestive comments were made to the three women prior to their identification of defendant at the lineup. Differences in appearances and clothing of lineup participants do not necessitate a finding of suggestiveness. *State v. Davis,* 530 S.W.2d 709 (Mo.App.1975), *State v. Dayton,* 535 S.W.2d 479 (Mo.App.1976). Neither do differences in height [*State v. Bivens,* 558 S.W.2d 296 (Mo.App.1977)], nor the amount of hair or lack thereof [*State v. Ealey,* 519 S.W.2d 314 (Mo.App.1975), 515 S.W.2d 778 (Mo.App.1974)], nor the number of participants or distinguishing height and weight characteristics [*State v. Carson,* 501 S.W.2d 503 (Mo.App.1973)], compel findings of improper lineup procedures.

As was said in *United States v. Lewis,* 547 F.2d 1030 (8th Cir. 1976), cert. denied 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977) at 1035: "There was nothing impermissibly suggestive about the clothing of the men in the lineup. All were Negro males. While appellant was the shortest of the six men, he was not significantly so; none of the men was unusually tall and all were within a range of about four inches. While appellant was of lighter complexion than the others and had a more receding hairline, we do not think these differences were enough to make the identification procedures impermissibly suggestive. Cf. *United States v. Sanders,* 156 U.S.App.D.C. 210, 479 F.2d 1193 (1973). Police stations are not theatrical casting offices; a reasonable effort to harmonize the lineup is normally all that is required."

■ We hold the lineup procedures met Constitutional standards and, further, that the in-court identification of the defendant by his victims was based upon a source independent of the lineup procedure. *State v. Davis,* supra at 713. Each of the three victims had an opportunity to view the defendant, notwithstanding the limited lighting in the apartment. The towel was away from defendant's face most of the time during the rape of Kimberly. Both Carla and Patricia were facing defendant when they handed money to him and could see the uncovered portion of his face and head. Kimberly, Carla and Patricia were positive, certain and unequivocal in identifying defendant, both at the lineup and at trial.

The transcript filed in this appeal totals 600 pages. Contrary to and in violation of Rule 28.08 and Rule 81.14, V.A.M.R., the reporter included page after page of matters that are not authorized. After judgment, trial counsel was relieved of further representation of the defendant. The court then made a finding of indigency, appointed defendant's present attorney to prosecute this appeal, and directed the reporter to prepare the transcript. The reporter's certificate of cost of preparing the transcript shows a charge of $667.70, payable by Greene County.

As we did in *State v. Jennings,* 555 S.W.2d 366 (Mo.App.1977), we direct the trial court to allow the reporter as costs only those matters which are properly included in the transcript pursuant to the aforesaid rules.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.