STATE of Missouri,
Plaintiff-Respondent,

v.

George Thomas COLE,
Defendant-Appellant.

No. 39669.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 18, 1979.

Helton Reed, Jr., Special Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Marjorie Haines, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

The defendant was convicted of molesting a minor. He raises two points on ap-

peal: (1) that the trial court erred in allowing evidence of prior and contemporaneous criminal acts allegedly committed by the defendant; (2) that his proffered converse instruction requiring the jury to find that his acts were intentional was erroneously rejected. We affirm.

Defendant was charged with molesting his 11 year old stepgranddaughter by fondling her breasts. The victim testified that defendant had indeed fondled her breasts; that he had also committed an act of sodomy per anum upon her. She testified further that the defendant had molested and sodomized her in similar manner on several prior occasions. Corroborative evidence was given by the victim's teen-age sister who, shortly after the acts had been completed, observed the defendant with his trousers unbuckled hurriedly pulling up the victim's shorts and underpants. The medical report and attending physician substantiated a recent rectal penetration of the victim. Defendant's statements to the police admitting the fondling of his stepgranddaughter's breasts were overheard by the victim's sister.

▮ Defendant's first complaint relates to the evidence of the act of sodomy and the victim's reference to the fact that the defendant had done the same things to her several times previously. He claims that this was improper evidence of separate crimes. Of course, proof of a separate crime is inadmissible unless it has some legitimate tendency to establish the defendant's guilt for the crime charged and to establish motive, intent, absence of mistake or accident, a common plan or identity of the defendant. State v. Harlston, 565 S.W.2d 773 (Mo.App.1978); State v. Hamell, 561 S.W.2d 357 (Mo.App.1977). Although defendant made no objection at trial to the "several times" reference by the victim, we find no error in permitting the evidence of the accompanying and previous illicit sexual acts as corroboration for showing the disposition of defendant and support for the specific action charged. State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765 (1953), and the following cited cases give ample support to our finding. In Kornegger, separate acts by the defendant of sexual indecencies against a minor occurring at different times were held properly admissible as corroborative evidence. Kornegger is on point and fully supports the admission into evidence in this case of the testimony of the victim regarding defendant's actions surrounding the molestation charge.

In State v. Shumate, 478 S.W.2d 328 (Mo. 1972), the defendant charged with rape complained that evidence of separate acts of other rapes and sodomizing of the victim was reversible error. The Supreme Court disagreed finding that such evidence was admissible as part of the res gestae. Evidence of separate acts of oral and vaginal copulation occurring on different days was held admissible in State v. Davis, 540 S.W.2d 122 (Mo.App.1976)—a child molestation case. The basis for the admission was that such acts had "a legitimate tendency to directly establish the defendant's guilt of the crime charged." Id. at 123. In State v. Torrence, 519 S.W.2d 360 (Mo.App.1975), evidence of separate acts of rape and sodomy per os of the victim was held to be part of the res gestae of the crime charged and, hence, admissible. And in State v. Gardner, 481 S.W.2d 239 (Mo.1972), the testimony of an 11 year old victim of the defendant's salacious advances that he (the defendant) had "tried it" before was found to be admissible corroborative testimony tending to show the probability of the specific act charged. See also State v. Crosby, 564 S.W.2d 357 (Mo.App.1978).

▮ In State v. Mazzeri, 578 S.W.2d 355 (Mo.App.1979), the court considered the admissibility of a separate act of sodomy for which the defendant was not charged in a rape case. Holding such evidence properly admissible, the court stated:

Where a defendant is on trial for a sexual offense, evidence is admissible as to other similar acts committed about the same time as part of a continuous and inseparable episode. The whole transaction is viewed as one and as parts of the res gestae of the crime charged.

Clearly, then, the evidence relating to defendant's penetration of the victim's rectum was admissible.

So, too, it was proper to allow the victim's testimony to the effect that he had molested her several times previously. First, there was no objection to such testimony, and claim as to its admissibility was waived. *State v. Jones,* 575 S.W.2d 899 (Mo.App.1978); *State v. Ross,* 554 S.W.2d 522 (Mo.App.1977). Second, as stated in *State v. Worthington,* 582 S.W.2d 286 (Mo. App.1979), "the evidence of prior sexual incidents was admissible (even though they could be said to constitute prior crimes) as proper evidence to show the probability that the specific acts charged had been committed and to show the relationship of the parties involved." The evidence formed a basis of an antecedent probability or corroboration.

Based on the foregoing decisions we reject defendant's first point.

Defendant's second point is based on the trial court's rejection of his instruction relating to intent to commit the crime of child molestation.[1] His theory on appeal is that the jury must find that the fondling of the victim's breasts was done intentionally and not accidentally. But defendant's theory at trial was that he never touched his stepgranddaughter's breasts, and there is no evidence in the record to suggest that there may have been an accidental touching. Defendant's argument regarding alleged error in the trial court's failure to submit his converse instruction must fail for several reasons. First, there was no evidentiary basis for giving the instruction. *State v. Cashman,* 485 S.W.2d 431 (Mo. 1972); *State v. Perry,* 565 S.W.2d 841 (Mo. App.1978). Second, the proffered converse instruction did not conform to his theory of the case. An instruction which would require the jury to find an intentional touching would not be congruent with the defendant's theory that there had been no

touching of the victim's breasts. Consequently, defendant was not entitled to the instruction which was at variance with his theory. *State v. Banks,* 491 S.W.2d 247 (Mo.1973).

Additionally, the child molestation instruction, MAI–CR 12.40,[2] which was given by the trial court sets forth all the necessary elements of the crime charged. Contrary to defendant's argument, intent is not a necessary element. *State v. Tandy,* 401 S.W.2d 409 (Mo.1966). Therefore, defendant's refused instruction requiring the finding of intent was not an accurate converse and was properly rejected. *State v. Healey,* 562 S.W.2d 118 (Mo.App.1978). Finally, as the trial court had fully and properly instructed on the subject by a precise submission of MAI–CR 12.40, there was no error in refusing defendant's instruction. *State v. Peterson,* 546 S.W.2d 175 (Mo.App. 1976).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. The refused instruction reads:

"If you don't find and believe from the evidence beyond a reasonable doubt that at the time the defendant put his arm around the victim he intended to fondle her breasts, you

must find the defendant not guilty of child molestation."

2. MAI–CR 12.40 was effective at the time of defendant's trial on August 8, 1977.