STATE of Missouri, Respondent,

v.

Kelvin HASTINGS, Appellant.

No. 43131.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 1982.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Feb. 19, 1982.

John T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Buz Fredericks, St. Louis, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of the Class B felonies of rape and sodomy and the resultant two 15 year consecutive sentences. We affirm.

The 18 year old victim, T. . . ., two other young women, C. . . and M. . ., and a male companion were forced off the road in the car in which they were driving in the vicinity of East St. Louis, Illinois, at approximately 3:00 a. m. The car which forced them off the road contained five men including defendant. M. . . was dragged out of the vehicle, taken to the front of the car, struck several times, forced to commit an act of oral sodomy on each of two men, and raped by each of them. Neither of those men was defendant. C. . . and T. . . were dragged from the car and thrown into the back seat of the men's Cadillac. T. . . was struck with a brick by one of the men in the course of moving her from one car to the other. Defendant assisted in moving her into the Cadillac. M. . . was then dragged into the front seat of the Cadillac. The male companion of the three women was forced to disrobe and left at the scene. The Cadillac containing the three women and five men was driven to St. Louis and parked in a residential garage in North St. Louis. We find it unnecessary to recount in detail the sordid occurrences of the next several hours. Suffice it to say that each of the women was brutalized, sodomized, and raped by one or more of the original five men and by other men who came to the scene later. T. . . testified that she was raped and/or sodomized by at least seven different men, and more than once by some of them. She identified defendant as her main attacker, personally responsible for several sexual assaults at two different garages and while in transit between them. M. . . and C. . . each testified to multiple rapes and sodomies by other individuals some of them occurring simultaneously. During much of the ordeal all three women were in the same garage and were aware at least generally of the physical and sexual assaults against the others. Ultimately C. . . and M. . . were taken to a different location than T. . . and no testimony concerning what happened to C. . . and M. . . at that location was elicited. At approximately 7:00 a. m., all three women were released—C. . . and T. . . basically fully clothed, M. . . wearing only a sweater. The evidence clearly established that the sexual activities were non-consensual and induced by fear and violence. Defendant in a written statement, a videotaped statement, and on the stand, admitted being present throughout most of the victims' ordeal but denied participation therein or that he had any sexual relationship with T. . . . The information charged six defendants with a total of 15 counts of rape and sodomy against the three victims. Defendant was charged in two counts. Those counts charged that defendant "acting with others" raped and sodomized T. . . .[1]

 Essentially defendant raises three points on appeal. The first is that the trial

---

1. The counts against this defendant were severed for trial.

court erred in permitting testimony of acts of coindictees against C . . . and M . . . on the basis that such evidence was irrelevant. It is contended that such testimony should have been excluded as *res inter alios acta* —things done between third parties and strangers. Generally evidence regarding transactions between third parties is inadmissible as irrelevant. The rule applies to acts, transactions or occurrences to which the accused is not a party or to matters with which he is not shown to have any connection unless those acts, transactions occurrences or matters are so interwoven with other relevant evidence as to make it impossible to try the case without admitting evidence of them. *State v. Wickizer*, 583 S.W.2d 519 (Mo. banc 1979) [6–8]. To state the rule is to state its inapplicability to the evidence here. Defendant was a party to all of the occurrences testified to; he was present throughout; he was connected to the overall ordeal of all the victims; he was charged with acting with others; the testimony was so interwoven with the crimes with which defendant was charged as to make it impossible to try the case without the evidence; and the evidence was clearly relevant to the questions of consent, the use of force and threats, and defendant's participation in the attack on T . . ., essential elements of the state's case. *See, State v. Shumate*, 478 S.W.2d 328 (Mo.1972) [2, 3]; *State v. Hampton*, 559 S.W.2d 224 (Mo.App. 1977) [6]; *State v. Rezabek*, 584 S.W.2d 430 (Mo.App.1979) [2, 3]; *State v. Mercer*, 611 S.W.2d 392 (Mo.App.1981) [6]. We can see no reason to apply the rule to this gang rape with multiple victims. The participants were co-adventurers in depravity, not independent contractors.

 Defendant next attacks the denial of his motion to suppress a line-up identification on the basis that the line-up was so suggestive as to preclude reliability of identification. His sole attack on the line-up is that defendant was the only man in the line-up with a shaved head and no facial hair. A police officer testified that in arranging the line-up he attempted to find a black male with a shaved head but was unable to do so. Reasonable efforts to har-

monize the line-up is normally all that is required. *State v. Willis*, 577 S.W.2d 655 (Mo.App.1979) [1, 2]. There was testimony by the victim that at the time of the crime defendant's hair was substantially longer than at the time of the line-up but that she nevertheless positively recognized him as one of the men who raped and sodomized her. This would support a conclusion that the other participants in the line-up more nearly matched the hairstyle of defendant at the time of the crime than did defendant making the line-up less suggestive of defendant. Reviewing the totality of the circumstances, we find no basis for concluding that the line-up would produce misidentification or that T . . .'s pre-trial identification of him was unreliable. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *State v. Carter*, 572 S.W.2d 430 (Mo. banc 1978) [8]. The victim had four hours during the crime to view the defendant; the crime of rape provides the greatest possible opportunity for observation of the perpetrator (*State v. Green*, 515 S.W.2d 197 (Mo.App.1974) [2] ); the victim was not a casual or passing observer but rather was the victim of repeated and lengthy commission of two of the most personally humiliating of all crimes, so we can presume her degree of attention was high; the victim's description of the defendant was very general but was not inaccurate (*State v. Davis*, 529 S.W.2d 10 (Mo.App.1975) [5, 6] ); the victim was unequivocal in her identification of defendant at the line-up; and the line-up occurred six days after the commission of the crime, a relatively short period of time (*Manson v. Brathwaite*, 432 U.S. 98, 115–6, 97 S.Ct. 2243, 2253–54, 53 L.Ed.2d 140 (1977)). Additionally, defendant was also positively identified in the line-up by C . . . and M . . . and by their original male companion. Defendant on three occasions, including at trial, admitted his presence at the scene. We find no merit to defendant's contention.

 This also disposes of another contention, that because of the suggestiveness of the line-up, the in-court identification also was infirm and therefore the state failed to

prove its case. We find no infirmity in either the line-up identification or in-court identification. In addition, no objection to the in-court identification was made at trial, so the matter has not been preserved for review. *State v. Nauman*, 592 S.W.2d 258 (Mo.App.1979) [1–3].

Defendant's final points pertain to the two verdict directing instructions—one for rape and one for sodomy. The instructions given followed MAI–CR2d 2.12. Defendant contends that MAI–CR2d 20.02.1 and 20.08.1 should have been used. The information charged, and the evidence established, that defendant was participating with others in the commission of the crimes against T.... Note 3 of MAI–CR2d 2.10 requires the use of MAI–CR 2.10 (also given here) and 2.12 where there is evidence defendant acted with another either as an active participant or as an aider. We find no error in the use of MAI–CR2d 2.12.

Defendant also contends that the instructions were erroneous in failing to follow Note on Use 5 under MAI–CR2d 2.12 by not giving separate instructions defining the offenses. Here the trial court included the elements of the offenses within 2.12 as would appear to be mandated by MAI–CR2d 2.04, Notes on Use 1 and 2. For the reasons stated in *State v. Clark*, 607 S.W.2d 817 (Mo.App.1980) [5], we find no prejudicial error in the instructions as given. *See also State v. Simpson*, 614 S.W.2d 31 (Mo. App.1981) [3].

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.