**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Curtis BENSON, Defendant-Appellant.**

No. 43873.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
June 14, 1982.

Mary K. Wefelmeyer, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a conviction, pursuant to a jury verdict, of robbery in the second degree. § 569.030, RSMo 1978. The trial court found appellant to be a dangerous offender and sentenced him to a 15 year prison term. The judgment is affirmed.

Appellant's points all challenge the trial court's actions in permitting appellant's previously convicted co-defendant, Michael McCaa, to testify. Appellant claims the trial court erred in permitting the state to call McCaa when the court knew McCaa would attempt to invoke the Fifth Amendment privilege against self-incrimination. Second, appellant claims the trial court erred in overruling McCaa's attempted invocation of the Fifth Amendment privilege. Third, appellant claims the trial court erred in admitting McCaa's testimony because this trial court judge was supervising McCaa's probation. Appellant argues that this relationship so coerced McCaa as to make his testimony unreliable and incompetent. In the alternative appellant claims the trial judge erred in not disqualifying himself because his supervision of McCaa's probation created a conflict. Last, appellant claims introduction of evidence of McCaa's guilty plea denied appellant his Sixth Amendment confrontation rights.

The jury could have found from the evidence that on November 18, appellant and McCaa assaulted and robbed Mr. Nathan Talton on the parking lot of the National Food Store located at 4127 Grand Avenue, St. Louis, Missouri.

The state called McCaa as part of its case in chief. McCaa had previously pleaded guilty to a charge of second degree robbery in a separate trial and was placed on three years probation. McCaa was still on probation at the time of trial. The trial court judge in this case supervised McCaa's probation.

When McCaa took the stand he admitted pleading guilty to second degree robbery and second degree assault. He then attempted to invoke the privilege against self-incrimination. The trial court refused to permit McCaa to invoke the privilege and ordered him to testify. McCaa then testified that he and appellant had committed the robbery.

Appellant first claims the trial court erred in permitting the state to call McCaa to the stand when it knew McCaa would claim his Fifth Amendment privilege against self-incrimination. The point is not well taken.

■ It is within the sound discretion of the trial court to determine whether a witness who the court knows intends to invoke the Fifth Amendment should be permitted to take the stand. *State v. Wright*, 582 S.W.2d 275, 282[4] (Mo. banc 1979); *State v. Hustead*, 615 S.W.2d 556, 559[1, 2] (Mo.App. 1981).

In this case McCaa gave an inadequate basis for invoking the privilege. McCaa attempted to invoke the privilege in order to avoid the possibility of committing perjury. He had made certain statements at his guilty plea hearing and was fearful he might be subject to perjury charges if he made inconsistent statements under oath at appellant Benson's trial.

The Fifth Amendment protects a witness from being required to give self-incriminating evidence of prior crimes. The privilege does not protect a person from being presented with the opportunity to commit possible future perjury. U.S.Const. Amend. 5; *United States v. Partin*, 552 F.2d 621, 632[5] (5th Cir.), *cert. denied* 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977).

Appellant argues that *State v. Wright, supra* is controlling in this case. In *Wright* the Missouri Supreme Court held it was error to permit the state to call a witness to the stand for the sole purpose of using the witness' invocation of the Fifth Amendment as evidence against the defendant. *Wright* is distinguishable and does not support appellant's position.

Appellant also charges the court erred in refusing to let McCaa invoke his Fifth Amendment privilege. Appellant has no standing to object to a violation of McCaa's Fifth Amendment right. *State v. Light*, 484 S.W.2d 275, 276[2, 3] (Mo.1972). Moreover, as explained above, the court properly overruled McCaa's attempt to invoke the privilege. This point is also ruled against appellant.

Appellant next argues that the court erred in admitting McCaa's testimony because the fact that he was testifying in front of the judge who supervised his probation so coerced McCaa as to make his testimony unreliable. Appellant presents no authority for this proposition. These factors certainly affected the credibility of McCaa's testimony and were proper subject for impeachment. *State v. Summers*, 506 S.W.2d 67, 73 (Mo.App.1974); *State v. Koonce*, 504 S.W.2d 227, 230–231[3] (Mo. App.1973). However, these factors did not render McCaa's testimony incompetent. The point is not well taken.

In the alternative appellant argues the trial court erred in refusing to disqualify himself and declare a mistrial because his supervision of McCaa's probation created a conflict. The point is denied.

Appellant's motion to disqualify the judge came in the middle of the trial. Appellant knew McCaa had been subpoenaed before jury selection began and had adequate opportunity to file a motion then. The trial court, therefore, properly denied the motion as untimely. Former Rule 30.12 (now Rule 32.07(c)).

Furthermore, the trial judge's supervision of McCaa's probation would in no way affect his ability to preside fairly over appellant's trial. The relationship did not create in the judge a prohibited interest in the outcome of the trial. *See,* § 545.660, RSMo 1978; Rule 2, Canon 3(C). There was no error.

Last, appellant argues that admission of evidence of McCaa's guilty plea violated appellant's Sixth Amendment rights to confrontation. Appellant, however, failed to raise this point in his motion for new trial and, therefore, preserved nothing for review. Rule 29.11(d); *State v. Flynn*, 541 S.W.2d 344, 348[8] (Mo.App.1976).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.