STATE of Missouri, Respondent,

v.

Emory SMASHEY, Appellant.

No. 46752.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 9, 1984.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
June 11, 1984.

Application to Transfer Denied
July 17, 1984.

Ronald R. McMillin, Paul T. Graham, Carson, Monaco, Coil, Riley & McMillin, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Chief Judge.

Defendant-appellant Emory Smashey was convicted of manufacturing marijuana in violation of § 195.020 RSMo 1978 and sentenced to seven years imprisonment pursuant to § 195.200(2) RSMo 1978. We affirm.

The following facts were adduced at trial. On June 23, 1982, Kenneth Wegehoft, owner of a farm by Route O in Ralls County, Missouri, observed a blue camaro drive into the field of Francis Smashey's farm, which was directly across the road from his farm. Wegehoft saw one male alight from the vehicle. He then observed this same man load some plant material into the trunk of the car. As the car drove past him, Wegehoft wrote down the car's license number on a deposit slip.

Prior to Wegehoft's June 23 sighting of the blue camaro, he had previously seen a black pick-up truck parked in approximately the same place where the camaro had been. On one occasion, Wegehoft had seen two men pulling weeds at this same location.

Shortly after observing the camaro, Wegehoft left the license number with Trooper Joseph Swearenger. When Sheriff Parsons received the license number, he went to Wegehoft's farm. Wegehoft then showed Parson the location in question where they observed some 40–50 plants ranging from 1 foot to 6 feet tall planted in a pattern with weeds pulled from around the plants. Sheriff Parsons pulled and confiscated some of the plants. Chemical tests later revealed the confiscated plants to be marijuana.

On June 24, 1982, a stake out of the marijuana plot was conducted by State Troopers Joseph L. Swearenger and Richard Hursey. At approximately 5 p.m., a black pick-up truck arrived at the marijuana plot. A white male got out of the truck, walked into the underbrush, ran out towards the truck, and then took off at a high rate of speed. Shortly thereafter, Larry Smashey appellant's cousin, was apprehended and arrested. Larry Smashey then took the arresting officers back to the marijuana plot.

At trial, Wegehoft testified for the state as to his observations and activities previously set forth. Sheriff Glen Parsons of Ralls County testified that the vehicle license number received from Wegehoft was Missouri GYA–228. As a result of plea bargaining, Larry Smashey testified for the state against appellant. Larry also admitted to planting and cultivating the marijuana and testified that appellant helped him plant the marijuana plants on Francis Smashey's property.

Appellant testified and admitted to planting about 10 marijuana plants but only because he got tired of watching and waiting on Larry Smashey. He also admitted to driving a blue camaro with Missouri license number GYA–228. Finally, appellant and a Jimmy Sawyer testified that from 2:00 p.m. to 10:00 p.m. on June 23, 1982, appellant, his wife, and children were at a fish fry at Steven Fowler's home in Hannibal, Missouri. Appellant was found guilty of manufacturing marijuana and now appeals contending the trial court erred in five respects. Specifically, he claims the court erred in (1) admitting Sheriff Parsons' alleged hearsay testimony concerning the license plate number; (2) sentencing appellant without reference to § 195.200 et seq., which was the applicable sentencing provision; (3) failing to apply the "personal use" exception to the manufacturing charge; (4) submitting a modified MAI–CR 2d instruction; and (5) failing to give jury instruction MAI–CR 2d 2.37.1 concerning mistake of law or fact.

█ We first note that points one, two, and three were not preserved for review. Appellant failed to both object at trial and raise any allegation of error as to these points in his motion for new trial. *State v. Simpson,* 625 S.W.2d 957, 959 (Mo.App. 1981). He now asks us to review these points under plain error rule. Our review of the record, however, shows no manifest injustice or miscarriage of justice in any of appellant's three points. First, Sheriff Parsons' testimony concerning the license plate number can hardly be considered prejudicial in view of appellant's own admission to ownership of a blue camaro with a GYA–228 Missouri license plate number, and the fact appellant's own counsel elicited the appellant's admission to the same information. See *State v. Eiland,* 534 S.W.2d 814, 817 (Mo.App.1976).

Secondly, we find appellant's contention that the trial court failed to mention § 195.200 RSMo 1978 in its findings thereby rendering the judgment sentence void to be without merit.

█ In its findings, the trial court stated the appellant had a prior drug conviction and therefore came within the "provisions of the prior felony act of the State of Missouri." Appellant argues this finding purports to include him within the provisions of the Persistent Offender Statute § 558.016 RSMo 1978 when he was charged under § 195.020 RSMo 1978 thereby invoking the penalty provision of § 195.200 RSMo 1978. It is well established that absent any showing of prejudice the omission of statutory section numbers is not error where the information notified the defendant of the offense charged and would constitute a bar to another prosecution. *Emmons v. State,* 621 S.W.2d 329 (Mo.App.1981). Here, the amended information more than adequately advised appellant of the charge against him and under which provision he was to be punished. *State v. Evans,* 637 S.W.2d 62, 65 (Mo.App. 1982). Furthermore, since § 558.016 was never mentioned in the information appellant can hardly claim he was confused as to the applicable sentencing provision. We also note appellant's enhanced sentence was well within the perimeters set by § 195.200 RSMo 1978 and therefore if any error did exist it was certainly not prejudicial.

█ Finally, appellant's contention that the trial court erred in failing to grant a judgment of acquittal at the close of the state's evidence where it was not conclusive the marijuana in question did not fall within the personal use exception is also without merit. On appeal, all evidence and reasonable inferences in support of the verdict must be accepted as true and everything else must be disregarded. *State v. Ball,* 654 S.W.2d 336, 338 (Mo.App.1983). The evidence previously set forth, especially appellant's own admission to planting the marijuana, clearly supports a finding that he was engaged in its manufacture. His reliance on the personal use exception is not persuasive since this exception applies to the "preparation and compounding" of controlled substances and not to their cultivation. See *State v. Netzer,* 579 S.W.2d 170, 174 (Mo.App.1979). We find

no plain error and appellant's third point is also denied.

In his fourth point, appellant challenges the modified verdict director MAI–CR 2d 32.06[1] submitted in Instruction 6. The state in this case did in fact modify MAI–CR 2d 32.06 by substituting the word "manufacture" for the listed offenses. Appellant argues the notes on use for this instruction state the forms given do not cover the offenses of manufacture, prescription, administration, dispensing, or compounding of controlled substances and that the state was therefore required to submit MAI–CR 14.10.[2] We disagree. First, the notes on use do not explicitly state that 32.06 cannot be modified for a charge of manufacturing marijuana, and in fact it can be inferred from these notes that the given forms are not applicable because the named offenses are rarely charged.

 Appellant is correct that non-compliance with Missouri Approved Instructions and the applicable Notes on Use is error. *State v. Mee*, 643 S.W.2d 601 (Mo. App.1982). However, Rule 28.02(d) V.A.M.R. also provides that where there is no applicable MAI–CR form, a modified form or a form not in MAI–CR, if given, shall be simple, brief, impartial, and free from argument. We find the verdict director 32.06 as modified, complied with this rule. There was no applicable MAI–CR 2d and MAI–CR 14.10 would not necessarily have been the proper instruction. Since Verdict Director 14.10 was not included in the MAI–CR 2d, we can only conclude the Supreme Court intended it to be superseded by the second publication. When an instruction is not

1. MAI–CR2d **32.06 Controlled Substances: Schedule I or II; Controlled Substances— Possession, Sale or Having Under One's Control**
 1. **Marihuana or hashish**
 (As to Count ____, if) (If) you find and believe from the evidence beyond a reasonable doubt:
 First, that (on) (on or about) [date] in the (City) (County) of _____, State of Missouri, the defendant [insert one of the following, omitting the number and brackets]
 [1] possessed (marihuana) (hashish), and
 [2] possessed (more than thirty-five grams of marihuana) (more than five grams of hashish), and
 [3] sold (marihuana) (hashish) to [name of person], and
 [4] had (marihuana) (hashish) under his control, and
 Second, that the defendant was aware of the character of the substance and knew that he (possessed it) (sold it) (had it under his control), (and)
 (Third, that he was not entrapped into doing so as submitted in Instruction No. _____,)
 then you will find the defendant guilty (under County _____) of (possessing marijuana) (possessing hashish) (possessing more than thirty-five grams of hashish) (selling marihuana) (selling hashish) (having marihuana under his control) (having hashish under his control).
 However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

2. MAI–CR **14.10 Narcotics and "Controlled or Counterfeit Substances": Possession, Sale, etc.:**
 

(If) you find and believe from the evidence beyond a reasonable doubt:
First, that (on) (on or about) _____ in the (City) (County) of _____, State of Missouri, the defendant (manufactured) (had in his possession) (had under his control) (sold) (prescribed) (administered) (dispensed) (distributed) (compounded) a drug known as [name of drug], and
(Second, that defendant was not unlawfully entrapped into so doing, as submitted in Instruction No. _____, and)
Third, that defendant was aware of the character of the drug and intentionally and knowingly (had it in his possession) (had it under his control) (sold it) (prescribed it) (administered it) (dispensed it) (distributed it) (compounded it),
then you will find the defendant guilty (under Count ____) of the (manufacture) (possession) (control) (sale) (prescription) (administration) (dispensation) (distribution) (compounding) of a (controlled) (counterfeit) substance (, unless you find and believe from the evidence by a preponderance thereof that the (manufacture) (possession) (control) (sale) (prescription) (administration) (dispensation) (distribution) (compounding) was lawful as submitted in Instruction No. ____).
(However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.)
(If you do find the defendant guilty (under Count ____) of that offense you will fix his punishment [here submit applicable punishment or alternative punishments set out in the statute].)

**158**

available in that publication, counsel may avail themselves of modified forms pursuant to Rule 28.02. To find otherwise would allow counsel to elect between two published sets of verdict directors simply because an instruction was omitted from the more recent publication and not specifically withdrawn. Finally, our review of the instruction in question reveals it properly submitted and required the jury to find each and every element of the crime charged. As such, we fail to find any prejudice requiring us to overturn the jury's determination of guilt. *State v. Mee*, 643 S.W.2d at 602 (Mo.App.1982).

In his fifth point, appellant submits that the trial court erred in failing to submit an instruction concerning mistake of fact or law since he believed he was manufacturing the marijuana for his own personal use. We have already determined the personal use exception is not applicable in this case since it applies only to the preparation and compounding of a controlled substance and not its cultivation. *State v. Netzer*, 579 S.W.2d at 174. As a result, appellant failed to introduce any evidence negating the mental state required by the charge of manufacturing marijuana. It is irrelevant whether the actual manufacturing is done for ones own use or that of another. The instruction in question is to be used only where there is evidence as to a belief which is inconsistent with the existence of an element of the crime and not where there is merely a denial of the required mental state. There are no such inconsistencies here. Furthermore, the issue of the required mental state was submitted in a proper converse instruction. Point denied.

The judgment is affirmed.

CRIST and PUDLOWSKI, JJ., concur.