STATE of Missouri,
Plaintiff-Respondent,

v.

Kenneth R. PRESLEY,
Defendant-Appellant.

No. 13748.

Missouri Court of Appeals,
Southern District,
Division II.

June 26, 1985.

Motion for Rehearing or Transfer
Denied July 23, 1985.

Stephen P. Seigel, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

By a multi-count information, the defendant was charged with seven sexual offenses. The alleged victims were his stepdaughter, 12 years old, and his adopted daughter, 9 years old. A jury found him guilty of each charge. By the imposition of consecutive sentences the defendant was sentenced to imprisonment for 56 years to be followed by a one-year sentence to the county jail. A detailed statement of the sordid facts is not necessary for consideration of the five points presented by defendant's appeal.

The defendant concedes his motion for a change of judge was untimely filed. However, for his first point he contends the trial judge's self-disqualification was mandatory because the judge had acted in the adoption proceeding of one of the victims by defendant and his wife. The record does not show this to be true nor that self-disqualification was urged upon the trial judge. Nonetheless, the defendant argues the judge was prejudiced because of his reaction to participation in placing the child with one who allegedly abused her. The point will be considered ex gratia.

Self-disqualification is the subject of Rule 2, Canon 3 C. The basic criterion is that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, ...." It is not every familiarity with a defendant or a party involved in a proceeding that causes disqualification to be necessitated. For example, it has been so held where the judge was supervising the probation of one of the state's witnesses. *State v. Benson*, 633 S.W.2d 200 (Mo.App.1982). The same is true where the trial judge heard a defendant's abortive plea of guilty. *State v. Faber*, 499 S.W.2d 790 (Mo.1973).

One who is a judge is entitled to a presumption he will not undertake to preside in a trial in which he cannot be impartial. *Ramsey v. Grayland*, 567 S.W.2d 682 (Mo.App.1978). The trial judge's alleged past experience with the defendant and victim does not cast doubt upon that presumption. It does not cause his ability to be impartial to be reasonably questioned. Indeed, the record demonstrates the trial judge accorded the defendant a fair trial as measured by the highest standard of judicial skill and impartiality. Cf. Rule 32.09; *Manis v. State*, 659 S.W.2d 337 (Mo.App. 1983).

In the state's opening statement, the prosecuting attorney said the evidence would show the defendant's illicit sexual activities with his children also occurred on dates not charged. The defendant's objec-

tion to an impermissible reference to "other crimes" was overruled. For his second point the defendant contends this was reversible error.

The defendant did not object and does not assert error because the crimes charged and referred to involved different victims. Therefore, it is not necessary to treat at length a point that was not raised or preserved. Those interested may consult *State v. Simerly,* 463 S.W.2d 846 (Mo. 1971); *State v. Applegate,* 668 S.W.2d 624 (Mo.App.1984); *State v. McDaniels,* 668 S.W.2d 230 (Mo.App.1984); *State v. Hastings,* 628 S.W.2d 678 (Mo.App.1982); Annot., Evidence—Similar Sexual Offenses, 77 A.L.R.2d 841 (1961). But see *State v. McElroy,* 518 S.W.2d 459 (Mo.App.1975).

The defendant cites the general rule that evidence of a separate crime is admissible only if it has some legitimate tendency to prove guilt of the crime charged by establishing motive, intent, absence of mistake or accident, a common plan or the identity of the defendant. See *State v. Lee,* 486 S.W.2d 412 (Mo.1972). That is a recognized general rule. However, in cases of this nature "[i]t is well settled that in a prosecution for these offenses, evidence of prior sexual acts between the victim and the defendant are admissible even though they constitute proof of the commission of separate crimes." *State v. Williams,* 654 S.W.2d 215, 217 (Mo.App.1983). Also see *State v. Graham,* 641 S.W.2d 102 (Mo. banc 1982); *State v. Simerly,* supra; *State v. Cole,* 581 S.W.2d 875 (Mo.App.1979). The defendant's second point is denied.

■ By his third point the defendant contends the evidence was insufficient because the testimony of the victims was inconsistent and contradictory and not corroborated. The defendant points to instances of confusion and contradiction in the testimony of the two children. He also refers to prior contradictory statements. He then cites *State v. Baldwin,* 571 S.W.2d 236 (Mo. banc 1978), in which the rule was stated, "[i]t is only in those cases where the evidence of the prosecutrix is of a contra-

dictory nature or, when applied to the admitted facts in the case, her testimony is not convincing and leaves the mind of the court clouded with doubts, that she must be corroborated or a judgment cannot be sustained." *Id.* at p. 239. Also see *State v. Harris,* 620 S.W.2d 349 (Mo. banc 1981); *State v. Chamberlain,* 648 S.W.2d 238 (Mo. App.1983). The principle of *State v. Baldwin,* supra, "does not appertain, however, where the inconsistency or even contradiction bears on a proof not essential to the case." *State v. Salkil,* 659 S.W.2d 330, 333 (Mo.App.1983).

This court has with consideration of this point reviewed the various statements and testimony of the victims. In view of the age of the victims and their extensive interrogation, it is not unexpected that some inconsistencies and contradictions developed. By reason of the nature of the acts, the testimony of the victims shocks the senses. To that extent it is incredible. However, this is not the type of doubt contemplated by the stated rule.

It would serve no purpose to recount all of the evidence. It is sufficient that this court finds that in respect to each count there is no inconsistency or conflict in the victims' testimony concerning the essential proof of the offense or, where such inconsistency or conflict could be said to exist, there is corroboration. For example, whether the occasion for a party one victim attended the day of her rape was a graduation or other event was not an inconsistency or contradiction within the rule. The rape of one victim by the 14-year-old stepson of the defendant, at the instance of defendant, in the presence of defendant's natural son, is corroborated by the testimony of that stepson. Further, the four charged rapes of the two victims are corroborated by their physical examinations. *State v. Laney,* 506 S.W.2d 452 (Mo.1974). The defendant's third point has no merit.

■ Count IV charged the defendant with rape by having intercourse with his adopted daughter to whom he was not married and who was less than 14 years of age

in violation of § 566.030. As stated, the evidence to support this charge was that the defendant's 14-year-old stepson had intercourse with the victim at the instance of the defendant. This count was submitted to the jury under an instruction drawn from MAI–CR2d 2.12. Essentially, the instruction told the jury that if the stepson had intercourse with the victim to whom he was not married and who was less than 14 years of age the "offense of rape has occurred." The instruction then hypothesized that if the jury found, "with the purpose of promoting or furthering the commission of rape, the defendant acted together with or aided [name of stepson] in committing that offense" the defendant was guilty under that count of rape. See MAI–CR2d 2.12.

By point four the defendant contends giving this instruction constituted reversible error. He argues that the stepson was only 14 years of age and could not be guilty of rape under § 566.030. The basic premise for this point is stated: "Appellant therefore contends that he cannot then be convicted of rape by aiding or encouraging another in the commission of an act which itself may not constitute rape."

Section 566.030, defining the crime of rape, places no restrictions upon the age of the male. For this reason the point does not present for consideration the argument that no one committed the physical acts proscribed by the statute. Further, for the resolution of this point it is not necessary to decide whether or not a male 14 years of age is guilty of the crime of rape by committing those physical acts. See *State v. Jackson*, 142 S.W.2d 45 (Mo.1940). Compare §§ 211.031 and 211.071. For this point it may be assumed that even though a 14-year-old male committed the proscribed physical acts, by reason of his age, he is not subject to prosecution for or guilty of the crime. However, that assumption does not absolve the defendant. The decisive sections of the Criminal Code are § 562.041 and § 562.046. In part § 562.041 provides:

1. A person is criminally responsible for the conduct of another when

. . . .

(2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

The pertinent parts of § 562.046 read:

It is no defense to any prosecution for an offense in which the criminal responsibility of the defendant is based upon the conduct of another that

(1) Such other person has been acquitted or has not been convicted or has been convicted of some other offense or degree of offense or lacked criminal capacity or was unaware of the defendant's criminal purpose or is immune from prosecution *or is not amenable to justice;*

. . . .

It is not necessary to resort to rules of construction or the citation of authorities to hold that by aiding the stepson in the conduct proscribed by § 566.030 the defendant was guilty of the crime of rape even though the stepson was not subject to prosecution for or was not guilty of that crime. That conclusion is apparent from the face of those sections.

The conclusion is made more apparent, in fact is mandated by the Comment to § 562.041 as contained in the 1973 Proposed Criminal Code. "[W]hen the General Assembly enacted ... the new Missouri Act, it adopted the interpretation placed thereon in the commentary by the drafters of the Model Act." *State v. Anderson*, 515 S.W.2d 534, 539 (Mo. banc 1974). The applicable portion of that Comment to § 562.-041 states:

Subsection 1(2) is similar to Illinois Code Ch. 38, § 5–2(c) but unlike that section is designed to cover two different bases for liability for conduct of another. These two bases, causing *an innocent or irresponsible person to commit the conduct* and accessorial liability by aiding and abetting, are in separate sections in the other codes. (Emphasis added).

. . . .

Both these theories are here combined in a single section, which must be read in

connection with § 562.046(1) which precludes certain matters, including, the other person's lack of criminal capacity, unawareness of defendant's criminal purpose or immunity from prosecution, from being a defense to liability based on the conduct of another.

The defendant's basic premise for this point is false.

However, defendant also seeks reversal because the instruction contained an erroneous declaration of the law. He refers to the direction that if the stepson had intercourse with the adopted daughter "then you are instructed the offense of rape has occurred." Again, assuming the 14-year-old stepson did not commit the crime of rape, the quoted declaration standing alone is not correct.

This serves to emphasize Notes on Use 8 to MAI–CR2d 2.12. That Note on Use in part reads: "This format does NOT apply to situations where the defendant is being held responsible for the conduct of another person and that other person is not guilty of the offense. ... In such cases, it may be necessary to modify MAI–CR2d 2.12." "Giving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e); *State v. White*, 622 S.W.2d 939 (Mo. banc 1981), *cert. denied*, 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982).

■ As a prelude to that determination, it is appropriate to observe that the instruction also conditions the defendant's guilt upon a finding he acted together with or aided the stepson. When reviewed for error, the instruction must be considered as a whole. *State v. Holt*, 592 S.W.2d 759 (Mo. banc 1980); *State v. Ballard*, 657 S.W.2d 302 (Mo.App.1983). When so considered, when the jury found the defendant acted with or aided the stepson, the offense of rape *by the defendant* had occurred when the stepson had engaged in the conduct submitted in the instruction.

■ Deviation from an applicable MAI–CR2d instruction or Notes on Use is presumptively prejudicial unless the contrary is clearly demonstrated. *State v. White*, supra. "Prejudicial error will occur where the jury 'may have been adversely influenced by an erroneous instruction or by the lack of an instruction required by the statute.'" *State v. Rodgers*, 641 S.W.2d 83, 85 (Mo. banc 1982). The instruction in question, with clarity, squarely submitted every element necessary to establish the defendant was guilty of the offense submitted in Count IV. Compare *State v. Smashey*, 672 S.W.2d 154 (Mo. App.1984). Under somewhat similar circumstances, it has been presumed the jury followed the instruction. *State v. Hunter*, 586 S.W.2d 345 (Mo. banc 1979). Also see *State v. Koetting*, 616 S.W.2d 822 (Mo. banc 1981). Nothing in the record suggests otherwise. *State v. Hunter*, supra. Particularly in the light of the evidence, considering the instruction as a whole, the use of the quoted phrase and failure to modify MAI–CR2d 2.12 was not prejudicial. Compare *State v. White*, supra; *State v. Smashey*, supra; *State v. Ballard*, supra. However, failure to follow the applicable Notes on Use is not approved. In similar circumstances, MAI–CR2d 2.12 should be appropriately modified.

Count I charged the defendant with sexual abuse in the second degree by subjecting his stepdaughter, 12 years of age, to sexual contact. To support the charge there was evidence the defendant's natural son, 9 years of age, subjected that stepdaughter to such contact at the instance of the defendant. Count I was submitted to the jury by an instruction taken from MAI–CR2d 2.12. The instruction was substantially in the same form as the instruction under consideration by reason of defendant's fourth point.

By his last point defendant contends giving this instruction submitting Count I was reversible error. He supports that contention by the same arguments made under point four. For the reasons stated, those arguments are denied. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.

## ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM:

By his pro se post opinion motion the defendant seeks a rehearing or transfer because the court's opinion did not address issues allegedly raised by his pro se brief. It did not need to do so for the simple reason the pro se brief raised no issue worthy of observation.

█ His point that the issues dealt with in the opinion included issues of due process of law protected by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States is so vague it states nothing. His second point is that the trial impermissibly subjected him to double jeopardy. Each of the seven counts involved a separate and distinct violation of the law. It requires no citation of authority to make it obvious the seven convictions did not constitute double jeopardy. The motion for rehearing or transfer is denied.

All concur.