**STATE of Missouri, Respondent,**

v.

**Willie Arthur HATTER, Appellant.**

**No. 49224.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1985.

William J. Shaw, Public Defender, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Attempted fraud by offering a forged check. The issue: Where shown in *chambers* that a proposed defense witness will refuse to testify is it error thereafter in open court to exclude evidence of the refusal by the proposed witness? We say no.

The state charged and showed defendant Willie Hatter, accompanied by Lester Shumpert, presented a forged check to a bank; that before honoring the check the bank teller learned it was forged; that meantime defendant and Shumpert drove off but were soon arrested. The jury found defendant guilty.

Defendant did not testify. Pursuant to the verdict the court found defendant was a prior felon and sentenced him to seven years in prison.

Defendant contends here that in limiting jury testimony of his proposed witness Shumpert to a statement of his name the trial court erred by excluding Shumpert's testimony that he was invoking the privilege of self-incrimination.

When defense counsel called proposed witness Shumpert the court questioned him in chambers. There Shumpert "pleaded the Fifth". The trial court explained to the witness he had the right not to testify beyond giving his name. Then in open court witness Shumpert was called by defense counsel and testified only as to his name.

We first note that defendant did not timely object when the trial court made the now challenged ruling. Nonetheless we now consider the defendant's challenge.

The state correctly contends a witness may not be called merely for the purpose of showing the jury the witness is claiming the right not to testify. As ruled in *State v. Wright,* 582 S.W.2d 275[4] (Mo. banc 1979): "The question of whether the witness should be permitted to testify when it is claimed that the witness will invoke the Fifth Amendment must rest in the discretion of the trial judge." We applied and followed WRIGHT in *State v. Buskuehl,* 626 S.W.2d 651[1] (Mo.App. 1981) and in *State v. Benson,* 633 S.W.2d 200[1] (Mo.App.1982).

Here the trial court followed the cited cases in limiting the testimony of witness Shumpert and did not err in denying defendant's offer to show the jury the witness had refused to testify.

Affirmed.

REINHARD, P.J., and CRIST, J., concur in the result.