**STATE of Missouri, Respondent,**

v.

**Judy SHATTO, Appellant.**

**No. WD 42288.**

Missouri Court of Appeals, Western District.

April 3, 1990.

James B. Chancellor, Kansas City, Mo., for appellant.

Douglas S. Roberts, Pros. Atty., Chillicothe, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

Judy Shatto appeals from a verdict of guilty, after jury trial, on the charge of resisting arrest, § 575.150, RSMo 1986. She presents two points on appeal: (1) trial court error in submitting Instruction No. 5, over objection, as that instruction, the verdict directing instruction, intermixed the offenses of resisting and interfering with an arrest; and (2) that the verdict was not supported by substantial and sufficient evidence.

Appellant was originally charged in four counts: (1) interfering with an arrest in violation of § 575.150, RSMo 1986; (2) resisting arrest in violation of § 575.150; (3) assault in the third degree, in violation of § 565.070, RSMo 1986; and (4) property damage in the second degree, § 569.120, RSMo 1986. The state dismissed Count IV (property damage in the second degree) and the other three Counts on which appellant was charged were consolidated for trial.

The charges on which appellant was tried all arise out of an incident which occurred in the early morning hours of July 10, 1986, in Chillicothe, Missouri. Police officer James Lightner saw a white Ford Mustang approaching an intersection with a large orange cone marker stuck under its front end. Officer Lightner pursued the vehicle, eventually stopping it. Officer Lightner detected a strong odor of intoxicants coming from the driver of the vehicle, Douglas Knott. Appellant was a passenger in this vehicle, seated in the rear of the car. The officer removed Knott from the car and attempted to give him a field sobriety test. Appellant yelled at Knott, although she did not physically interfere with the officer while he attempted the field sobriety test. Officer Roger Anderson arrived at the scene as a backup officer. Appellant got out of the car and started toward Officer Lightner. Officer Anderson attempted to block her and ordered her back into the car. She did not comply with this order. Officers Michael Dennis and Jerry Baldwin then arrived at the scene.

Officer Anderson ordered Officer Dennis and Officer Lightner to place appellant under arrest. While she was being held, appellant's blouse came unbuttoned. She started yelling that she wanted to button her blouse. Officer Lightner was struck by his handcuffs on the forearm while trying to handcuff appellant. After her blouse was buttoned, appellant calmed down.

The case came to trial on June 6, 1989, on the three consolidated counts. Only Counts II and III were submitted to the jury as Count I (interfering with an arrest) was dismissed by the trial court pursuant to a motion for judgment of acquittal at the close of all of the evidence. The jury returned a verdict of guilty on both Counts II and III. On Count II, resisting arrest, the jury assessed punishment at thirty days and a fine to be determined by the court. On Count III, assault in the third degree, the jury assessed punishment of a fine to be determined by the court. The appellant filed a motion for a judgment of acquittal notwithstanding the verdict, or in the alternative motion for a new trial. The court sustained the motion for a new trial as to Count III, but overruled the motion as to Count II. Appellant appeals from her conviction under Count II, resisting arrest.

Appellant contends that the trial court erred in submitting Instruction No. 5, over objection, as the instruction intermixed the offenses of resisting arrest and interfering with an arrest. The instruction, in its entirety reads:

### INSTRUCTION NO. 5

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 10, 1988, in the County of Livingston, State of Missouri, Mike Dennis was a law enforcement officer, and

Second, that Mike Dennis was making an arrest of the defendant for interfering with an arrest, and

Third, that defendant knew that a law enforcement officer was making an arrest of defendant, and

Fourth, that for the purpose of preventing the officer from making the arrest, the defendant resisted the arrest by using physical force, then you will find the defendant guilty under Count II of resisting arrest.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of *interfering with an arrest*, you will assess and declare one of the following punishments:

1. Imprisonment in the County Jail for a term fixed by you, but not to exceed one year.

2. Imprisonment in the County Jail for a term fixed by you, but not to exceed one year and in addition a fine, the amount to be determined by the Court.

3. No imprisonment but a fine, in an amount to be determined by the Court.

The maximum fine which the Court may impose is $1,000.00 or an amount not exceeding double the amount of defendant's gain from the commission of the crime. MAI–CR 3d 329.60

TENDERED BY STATE

(Emphasis added).

■ Instruction No. 5 deviates from MAI–CR3d 329.60 as it injects the crime of interfering with an arrest before the punishments section. "Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). Giving or failing to give the pattern instruction is deemed error, however, the prejudicial effect of such error is to be judicially determined. *State v. Potter*, 747 S.W.2d 300, 306 (Mo.App.1988); Rule 28.02(f). The burden of showing that such deviation was not prejudicial is on the party deviating from the approved instruction.

*State v. Oliver*, 720 S.W.2d 45, 46 (Mo.App. 1986).

■ The standard used for determining whether prejudicial error occurred is whether the jury may have been influenced adversely by an erroneous instruction. *State v. Presley*, 694 S.W.2d 867, 872 (Mo. App.1985). Jurors are presumed to have followed the instructions. *Id.* Instructions should not be confusing, ambiguous, or equivocal, nor should they mislead jurors. *State v. Henderson*, 530 S.W.2d 382, 387 (Mo.App.1975).

■ In light of the fact that although appellant was tried for both interfering with an arrest and resisting arrest but only the charge of resisting arrest was submitted to the jury, the instruction given was confusing and misleading. Count I, interfering with an arrest, was dismissed outside of the presence of the jury. Although the instruction correctly set out the elements to establish the offense of resisting arrest, it directed the jury to assess punishment if they found appellant guilty of interfering with an arrest. The jury heard evidence relating to both offenses. This, coupled with the ambiguity of the instruction, makes it difficult to see just what charge appellant was convicted on. Thus, prejudicial error occurred and the judgment below must be reversed. Appellant's Point II need not be addressed because Point I is found in her favor.

The judgment of the trial court is reversed and the cause remanded for a new trial.

All concur.