STATE of Tennessee, Plaintiff-Appellee,

v.

Charles Billy THOMAS,
Defendant-Appellant.

Supreme Court of Tennessee.

Aug. 3, 1981.

J. Daniel Breen, Jackson, for defendant-appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, George M. Hymers, Dist. Atty. Gen. and R. C. Stegall, Asst. Dist. Atty., Jackson, for plaintiff-appellee.

OPINION

DROWOTA, Justice.

We granted review in this case to consider the application of the penalty enhancement provision for felonies committed with a firearm, T.C.A. § 39–4914, to the defendant's conviction on two counts of criminal sexual conduct in the first degree. T.C.A. § 39–3703 (Cum.Supp. 1978). In addition, this case raises a question regarding the basis of criminal liability when a person forces innocent parties to engage in sexual conduct but does not himself physically participate in the conduct.

According to the undisputed testimony at trial, the defendant drew his gun on a married couple and forced the wife to perform fellatio upon her husband. The defendant

then forced the wife to perform fellatio upon himself. The defendant was convicted and sentenced to fifteen years imprisonment for each act of forced fellatio. Each sentence was enhanced by five years on the basis of T.C.A. § 39–4914 which increases the punishment if a felony is committed by use of a firearm. The trial judge ordered the sentences to be served consecutively. The Court of Criminal Appeals affirmed with regard to the issues we are now considering.

## I.

The prosecution in this case occurred under the "Sexual Offenses Law of 1977." T.C.A. §§ 39–3701 et seq. (Cum.Supp. 1978) (superseded by "The Sexual Offenses Law of 1979," T.C.A. §§ 39–3701 et seq. (Cum. Supp. 1980)). That Act divided all forms of sexual offenses into four degrees described in four separate statutory sections. Criminal sexual conduct in the first degree occurred if "that person [the defendant] engage[d] in sexual penetration with another person" and if certain aggravating circumstances were present, such as use of a weapon or physical injury to the victim. *See Appendix* for full text of then T.C.A. § 39–3703(A). The Act defined "sexual penetration" to include fellatio. T.C.A. § 39–3702(8).

The conviction of the defendant under § 39–3703 poses no problem with regard to the count charging the defendant with forcing the wife to perform fellatio upon himself. When the defendant forced the wife to perform fellatio upon her husband, however, the defendant was not the person who engaged in the direct sexual penetration of the victim. Nevertheless, we hold that the defendant is criminally liable as a principal for the offense with which he was charged.

At common law, the distinction between principals in the first and second degree had important procedural and substantive consequences. A principal in the first degree was one who actually committed the crime. A person who aided and abetted a crime and who was present at the scene of the crime was classified as a princi-

pal in the second degree. Although modern statutes have abolished some of the procedural consequences of the distinction (*see, e. g.*, T.C.A. §§ 39–109 and 110), in some instances the distinction remains valid. Thus, the defendant here, as the only criminal actor, cannot be convicted as an aider or abettor under T.C.A. §§ 39–109 and 110, because those statutes "presuppose that a principal exists" who can be aided by the defendant. *Lundy v. State*, 521 S.W.2d 591, 596 (Tenn.Crim.App. 1974).

The defendant is, however, criminally liable under the common law rule regarding the use of innocent agents as the instrumentality of a crime.

> If a person causes a crime to be committed through the instrumentality of an innocent agent, he is the principal in the crime, and punishable accordingly, although he was not present at the time and place of the offense, as is ordinarily required to render one guilty as a principal. As between him and the innocent agent, there is no such relation as principal in the first and second degree or principal and accessary; he alone is the guilty party. Under such circumstances, an exception to the rules applicable to principals and accessaries, in the trial of criminal cases, arises ex necessitate legis.

22 C.J.S. Criminal Law § 84 at 249. *See, also*, W. LaFave & A. Scott, *Criminal Law* § 63 (1972).

This rule of criminal liability has not been modified by statute. It cuts across all offenses, for the most part, regardless of the statutory wording of the offense, just as do the rules regarding aiders and abettors, accessaries before the fact and accessaries after the fact. The defendant who forces an innocent party to commit armed robbery, burglary, rape, incest, etc., is guilty as the only principal, even though the defendant does not commit the crime with his own hand.

In the situation before us, both husband and wife were victims and both were used as innocent agents of the defendant in the perpetration of the crime. The defend-

ant committed the act of "sexual penetration" by means of these agents and he was properly found guilty.

## II.

█ The defendant, however, is correct in his assertion that his punishment for both convictions of first degree criminal sexual conduct should not have been enhanced by virtue of T.C.A. § 39–4914.

In *State v. Hudson*, 562 S.W.2d 416 (Tenn. 1978), this Court prohibited the enhancement of an armed robbery conviction by means of § 39–4914, stating that the statute

> is to be applied only with respect to those felonies for which the law does not otherwise provide an increase in punishment for use of a firearm in committing such felonies. We construe the legislative intent to be that T.C.A., § 39–4914, is not to be applied to those felonies for which the law already prescribes an enhanced penalty for the offender who commits such felonies by means of a firearm.

Id. at 419.

The reasoning in *Hudson* is controlling here. T.C.A. § 39–3703, as it was worded at the time of the prosecution, was an aggravated form of criminal sexual conduct, distinguished from other forms of similar conduct by the presence of certain enumerated factors. Among these factors was the use of a "weapon." § 39–3703(A)(3). Punishment under § 39–3703 ranged from ten years to life imprisonment. The same offense committed without the aggravating factors constituted criminal sexual conduct in the third degree and carried a punishment range of two to ten years.

Although enhancement is already present in § 39–3703, the State contends that § 39–4914 is nonetheless applicable since factors other than the use of a weapon may enhance the punishment under § 39–3703. In this case, none of the other factors were present. The use of the gun by the defendant was the only factor enabling the State to prosecute under § 39–3703. The punishment cannot be twice enhanced because the defendant used a deadly weapon.

This cause is remanded to the trial court with instructions to revise the sentence of the defendant in accordance with this opinion. The judgment of the Court of Criminal Appeals is in all other respects affirmed.

Affirmed in part, reversed in part and remanded.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.

## APPENDIX

§ 39–3703. *Criminal sexual conduct— first degree—punishment—*(A)

A person is guilty of criminal sexual conduct in the first degree if that person engages in sexual penetration with another person and if any of the following circumstances exists:

(1) The victim is twelve (12) years of age or under.

(2) The victim is at least thirteen (13) but less than sixteen (16) years of age and either the actor is related to the victim by blood, or affinity to the third degree, or the actor is in a position of custodial or official authority over the victim and used this authority to coerce the victim to submit. The actor under this subsection must be at least three (3) years older than the victim.

(3) The actor uses a weapon or any article used or fashioned in a manner calculated to lead the victim reasonably to believe it to be a weapon to force or coerce the victim to engage in sexual penetration.

(4) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes but is not limited to any of the following circumstances:

  (a) When the actor overcomes the victim through the actual application of physical force or physical violence.

  (b) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim reasonably believes that the actor has the present ability to execute these threats.

(c) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim reasonably believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes but is not limited to threats of physical punishment, kidnapping, or extortion.

(d) When the actor, through concealment, or by the element of surprise, is able to overcome the victim. Concealment includes the situation in which the actor pretends to be the victim's spouse and the victim reasonably believes the actor to be the spouse.

(5) The actor causes personal injury to the victim, and the actor knows or should, as a reasonable person, know that the victim is mentally defective, mentally incapacitated, or physically helpless.