Argued and submitted April 8, Court of Appeals affirmed in part and reversed in part and circuit court's judgment of convictions on rape charges reinstated May 5, 1987

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# JACK BERT HARVEY,
*Respondent on Review.*

(TC 85-3665-C-3, 85-3666-C-3;
CA A38851, A38852; SC S33567)

736 P2d 191

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Diane L. Alessi, Deputy Public Defender, Salem, waived oral argument for respondent on review.

PER CURIAM

## PER CURIAM

Defendant appealed convictions on two counts of rape in the first degree and two counts of sodomy in the first degree committed on two separate dates by forcibly compelling sexual acts between his 14-year-old son and 11-year-old stepdaughter. The Court of Appeals affirmed the convictions of sodomy but reversed the rape convictions because defendant was not the male who committed the sexual acts. *State v. Harvey*, 82 Or App 595, 728 P2d 940 (1986). Having allowed the state's petition for review, we reverse the decision of the Court of Appeals and reinstate the rape convictions.

The Oregon Criminal Code defines rape as sexual intercourse either by force, with a female incapable of consent, or with a female below one of three different ages. Intercourse with a female below the age of 16 years is rape in the third degree, intercourse with a female incapable of consent or below the age of 14 years is rape in the second degree, and intercourse by forcible compulsion or with a female below the age of 12 years is rape in the first degree. ORS 163.375.[1] In addition, ORS 161.155 provides:

> "A person is criminally liable for the conduct of another person constituting a crime if:
>
> "* * * * *
>
> "(2)   With the intent to promote or facilitate the commission of the crime the person:
>
> "(a)   Solicits or commands such other person to commit the crime; * * *"

In this case, defendant's stepdaughter was less than 12 years old, so that if defendant solicited or commanded his son to have sexual intercourse with his stepdaughter, the relevant crime would be rape in the first degree whether or not the son used force.

---

[1] ORS 163.375(1) provides:

"A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a)   The female is subjected to forcible compulsion by the male; or

"(b)   The female is under 12 years of age; or

"(c)   The female is under 16 years of age and is the male's sister, of the whole or half blood, his daughter or his wife's daughter."

■ Defendant argued below that he could not be guilty under ORS 161.155 if his son, the person who performed the sexual act, could not be guilty of rape. That is a *non sequitur*. It is no defense for the adult defendant that his juvenile son could not be criminally tried for first degree rape although an adult could be. *See* ORS 419.533.[2] Similarly, if the actor's conduct otherwise qualifies as a crime, the fact that he has a personal defense of acting under duress by another person hardly can be a defense to that other person's responsibility under ORS 161.155 for commanding and compelling commission of the crime. Defendant also argued that although the state might have alleged other elements of the rape statute, it alleged forcible compulsion and therefore must prove forcible compulsion of the stepdaughter by the son before defendant could be guilty under ORS 161.155. But the indictment alleged forcible compulsion by defendant, not by his son.

Defendant's primary contentions on appeal concerned asserted errors other than the one on which the Court of Appeals based its reversal of the conviction. The Court of Appeals rejected these other contentions, and we affirm its decision in this respect.[3]

The decision of the Court of Appeals is affirmed in part and reversed in part, and the circuit court's judgment of defendant's convictions on the charges of rape in the first degree are reinstated.

---

[2] A child comes within the "exclusive jurisdiction" of the juvenile court if the child has committed an act which if done by an adult could violate a law. ORS 419.476. The juvenile court may remand prosecution of a juvenile to a court of general jurisdiction if several conditions are met, one of which is that the child must have been 15 years of age or older when the alleged offense was committed. ORS 419.533(1)(a).

[3] Defendant contended that evidence of prior brutality in punishing the son and stepdaughter should have been excluded as irrelevant. The Court of Appeals held that the evidence was relevant to the forcible compulsion alleged in the indictment and, as noted above, that allegation referred to compelling the son's act (and the acts of both children with respect to the sodomy charges), not to the act of intercourse itself.