**David YEAGER, Appellant,**

*v.*

**STATE of Missouri, Respondent.**

No. 56913.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 1990.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial of a Rule 24.035 motion without an evidentiary hearing. We affirm.

On July 27, 1987, movant pleaded guilty to fourteen felony charges including two counts of sodomy and two counts of armed criminal action related to the sodomy charges. Sections 566.060 and 571.015 RSMo 1986.

The appellant claims that his guilty plea was involuntarily and unknowingly made because there was no factual basis for the charges. Appellant's allegation has two parts: 1) the trial court erred in accepting the plea, and 2) defense counsel was ineffective for not objecting to the plea. Neither of appellant's claims have any merit.

The basis of appellant's argument is that there is no evidence that the appellant committed sodomy under the statute. In part, Section 566.060 provides: "1) A person commits the crime of sodomy if *he* has deviate sexual intercourse with another person to whom he is not married, without the persons' consent by the use of forcible compulsion." (emphasis added.) The appellant admits that he forced the two victims to sodomize each other, but he claims that this does not fall under the sodomy statute.

Contrary to appellant's contention, a person is criminally responsible for the conduct of another when he aids or attempts to aid such other person in committing or attempting to commit the offense. See § 562.041 RSMo 1986. It is apparent from the comments to section 562.041 that causing an innocent person to commit the proscribed conduct renders the one who causes the conduct liable. *See State v. Presley,* 694 S.W.2d 867, 871 (Mo.App.1985). In *State v. Presley,* the defendant's fourteen year-old stepson had intercourse with the victim, the defendant's fourteen year-old adopted daughter, at the insistence of the defendant. The defendant was convicted of rape under Section 566.030 RSMo 1986. *Id.* at 871.

In the case at bar even though there is no evidence that the appellant participated in the acts, the appellant is still liable for the offense since he is criminally liable for the conduct of the innocent person he caused to commit the offense. See § 562.041 RSMo 1986. Thus, since there is a sufficient factual basis for the guilty plea, the court did not error in accepting this plea nor was defense counsel ineffective for not objecting to the court's acceptance of the guilty plea.

In his Point Relied On, appellant claims his counsel was ineffective with respect to the armed criminal action counts but appel-

lant fails to argue this part of his point in his brief. Thus, this part of his Point Relied On is deemed abandoned. *Berry v. Federal Kemper Ins. Co.,* 621 S.W.2d 948, 952 (Mo.App.1981). Point denied.

The judgment is affirmed.

SIMON, C.J., and SIMEONE, Senior Judge, concur.