STATE of Iowa, Appellee,

v.

Mary FINNIGAN, Appellant.

No. 90–1604.

Supreme Court of Iowa.

Dec. 24, 1991.

Mark W. Lawson, Maquoketa, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Lawrence H. Schultz, County Atty., and Bruce A. Ingham, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

Defendant, who is the mother of the victim, was convicted of second-degree sexual abuse. The principal perpetrator of the offense was defendant's husband. The appeal challenges sufficiency of the evidence, admission of evidence thought to be hearsay, and, especially, the trial court's interpretation of an Iowa statute which enhances punishment for acts of sexual abuse which are perpetrated by more than one person. We affirm.

The facts, as found by the trial court following a bench trial, are especially repugnant and shocking. Defendant Mary Finnigan and Lester Risley are husband and wife. For many years, including many instances within three years prior to the filing of this charge, Risley engaged defendant's daughter, twenty-one years of age at time of trial, in various sexual acts described in the sexual abuse statute. Iowa Code § 709.1 (1989).

The record is not clear whether Risley is the victim's biological father, although she considers him to be her father and refers to him as such. The acts were undoubtedly accomplished with defendant's knowledge; she photographed some of them. The question of the case is whether the acts were accomplished with defendant's participation.

■ I. Evidence supports the trial court's finding that defendant initiated the sexual acts by demanding that the victim go into the bedroom and then directing her in specific ways to engage in sexual acts. The directions were enforced by threats of the defendant, and sometimes by defendant's husband, to hit the victim if she failed to comply. Defendant's threats were real because she often had struck the victim. Photographs taken by the defendant corroborate the victim's testimony.

Although defendant offered evidence to impeach the victim's testimony, there was sufficient evidence to support the trial court's findings. *State v. Jordan*, 409 N.W.2d 184 (Iowa 1987) (factual findings binding if supported by substantial evidence); Iowa R.App.P. 14(f)(1); *see also State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). Defendant's contention to the contrary is without merit.

■ II. At trial the prosecutor asked the officer who had interviewed the victim to state what the victim had told him about the sexual abuse. The trial court sustained defendant's hearsay objection.

After the witness was surrendered for cross-examination, defense counsel asked:

Q. During any of those interviews, did you ever make a statement, "Well how is it that your mother didn't know this was going on?"

A. Yes I believe I did ask that question.

Defense counsel then asked questions concerning the content of the victim's response to this question.

The following occurred during the State's redirect examination of the same witness:

Q. I believe you were also confronted [during cross-examination] with a quote of yours—something to the effect of, "How is it that mom didn't know about

what was going on?" Do you recall that testimony?

A. Yes-sir.

Q. Did [the victim] indicate that mom did or did not know what was going on?

A. She indicated that her mother did know.

Q. Did she indicate that mother not only knew, but actively participated in it?

Defense counsel's hearsay objection was overruled and the witness was allowed to testify that the victim had told him the defendant knew about the sexual abuse because defendant "was involved in witnessing the sex acts, in ordering the sex acts, and in photographing the sex acts between [the victim] and her father."

We think the defendant's hearsay challenge was properly rejected. Defendant invited the claimed error by exploring the same subject. *State v. Hinkle*, 229 N.W.2d 744, 749–50 (1975). We note also that the testimony was cumulative in that the victim related the same matters in her testimony. *See State v. Johnson*, 272 N.W.2d 480, 482–83 (Iowa 1978) (presumption of prejudice is rebutted when substantially the same evidence is in the record without objection).

■ III. Defendant was convicted of second-degree sexual abuse under Iowa Code section 709.3(3), which is sexual abuse in which

[t]he person is aided or abetted by one or more persons and the sex act is committed by force or against the will of the other participant.

If consent or acquiescence is procured by threats of violence, the act is done against the victim's will. Iowa Code § 709.1(1).

Defendant vigorously contends that, because of the language of section 709.3(3), she can be convicted of second-degree sexual abuse only as a principal and hence must be acquitted. This is because, she says, Risley was the principal in the sex act here and defendant must answer, if at all, as an aider and abettor.

Unless, however, something in section 709.3(3) changes the usual rule, defendant, as an aider and abettor, must answer the same as a principal. This is because Iowa does not distinguish between principals who perpetrate a crime and those who aid and abet them. All concerned are charged, tried and punished as principals. Iowa Code § 703.1.

Read in isolation, the language in section 709.3(3) might well be interpreted to apply second-degree sexual abuse only to principals. The provision, sometimes called the "gang rape" statute, addresses a particularly vicious offense. In it the legislature elevated the offense when more than one person is involved in forcible sexual abuse. The provision renders these situations second-degree sexual abuse, which is made a class "B" felony.

In the most typical situation the language of section 709.3(3) is clear enough; "the person" being aided or abetted will be the one on trial as defendant. But there is nothing in the section which prevents an aider and abettor from being charged, tried and punished as a principal under Iowa Code section 703.1.

The situation is somewhat analogous to *State v. Sanders*, 280 N.W.2d 375 (Iowa 1979). Sanders drove an automobile which was used in a robbery. He was unarmed but a boy he delivered to a store was armed. We nevertheless held that the same limitation on parole under Iowa Code section 902.7 (1979) (restricts parole when firearm is used to accomplish forcible felony), should apply to Sanders. We cited section 703.1.

We conclude that, on these facts, the trial court correctly concluded defendant was guilty of second-degree sexual abuse.

■ IV. The trial court found defendant guilty after findings of fact which we have said support the charge. The findings were spelled out in exhaustive detail. Thereafter, in discussing what it understood to be the third element of the offense, the trial court revealed a misapprehension of the law we have discussed. The trial court believed the State was required to show that defendant was the principal perpetrator of the offense, and also show she was aided and abetted by Risley. Both

these findings were indeed made. Not surprisingly, defendant attacks them on appeal.

We agree that the evidence does not support a finding that defendant was the principal or that Risley aided and abetted her. But the misapprehension does not call for reversal because it amounts to mere surplusage. The findings tended only to bolster, though erroneously, the conviction in a manner we have said is not required. It was error, but beyond a reasonable doubt it was harmless error.

AFFIRMED.