WELCH, Judge.
 

 On September 21, 2009, this Court issued an order setting aside its August 28, 2009, opinion in this case. The following opinion replaces that opinion.
 

 A Mobile County grand jury charged Marvin Lee Daniels in case no. CC-08-775 with one count of rape, first degree, a violation of § 13A-6-61(a)(l), Ala.Code 1975; in case no. CC-08-776 with burglary, second degree, a violation of § 13A-7-6(b), Ala.Code 1975; and in cases no. CC-08-851 and no. CC-08-852 with sodomy, first degree, violations of § 13A-6-63, Ala. Code 1975. Daniels was tried by a jury and was convicted of all charges. The trial court sentenced Daniels, as an habitual felony offender, to life imprisonment for each conviction. Daniels appeals. Daniels filed a notice of appeal in cases no. CC-08-775, no. CC-08-776, no. CC-08-851, and no. CC-08-852, and Daniels indicated on the face of his appellate brief that he was appealing from all four convictions. However, Daniels did not present any argument on appeal challenging his convictions for first-degree rape in case no. CC-08-775 and for second-degree burglary in case no. CC-08-776. Regarding his appeal as to those cases, Daniels did not comply with Rule 28, Ala. R.App. P.; therefore, Daniels has waived any issue on appeal as to cases no. CC-08-775 and no. CC-08-776.
 

 Daniels argues that his convictions for first-degree sodomy in cases no. CC-08-851 and no. CC-08-852 should be vacated because, he says, the indictments that charged him with sodomy failed to allege that he actually engaged in deviate sexual intercourse with either of the two victims and the indictments alleged, instead, that he induced the victims to commit deviate sexual intercourse with one another.
 

 The State’s evidence tended to show the following. On July 17, 2007, Daniels entered the residence occupied by K.W. and her four children, one of whom was 14-year-old M.C.
 
 [1]
 
 Daniels forced K.W. and M.C. to go into a bedroom and to remove their clothing. Daniels struck K.W. on her face when she protested. Daniels forced his fingers into K.W.’s vagina while he simultaneously forced M.C. to place her mouth on her mother’s vagina. Daniels forced K.W. to put her mouth on her
 
 *9
 
 daughter’s vagina. Daniels raped M.C. Daniels also forced K.W. to urinate on M.C. He then forced M.C. to place her mouth on his penis, and he forced K.W. to put her mouth on his penis. During the assault, KW.’s other children telephoned their father, and he came to the house. When K.W.’s husband arrived, Daniels fled from the scene. The police, who KW.’s husband had telephoned on his way to the house, arrived shortly thereafter.
 

 Two days later, on July 19, 2007, K.W. contacted the Prichard Police Department to report that she had seen their assailant mowing a yard in the area. Daniels was apprehended, and K.W. and M.C. identified Daniels in photographic lineups.
 

 In his brief on appeal, Daniels states:
 

 “Daniels submits the indictments do not allege the crime of Sodomy, First [D]egree, despite their reference to § 13A-6-63. To allege this crime, the indictments should have specified that Daniels himself engaged in deviate sexual intercourse with the victims by forcible compulsion. By not making this allegation, it is clear that the indictments were directed at Daniels’ acts of forcibly compelling [M.C.] and [K.W.] to engage in deviate sexual intercourse with one another. Daniels submits those acts constitute the crime of Criminal Coercion, not Sodomy in the first degree.”
 

 (Daniels’s brief, at pp. 9-10.)
 

 Daniels also argues:
 

 “The evidence presented by the state established that Daniels induced or caused both victims to engage in deviate sexual intercourse with someone other than Daniels, which is not a violation of the sodomy statute, but is, instead, the totally different crime of Criminal Coercion. While the state’s evidence also established that Daniels engaged in deviate sexual intercourse with both victims, he was not charged with this offense by the wording of either sodomy indictment.”
 

 (Daniels’s brief, at p. 12.)
 

 Section 13A-6-63(a)(l), Ala.Code 1975, provides that a person commits the crime of first-degree sodomy if he engages in deviate sexual intercourse with another person by forcible compulsion. One indictment charging Daniels with sodomy alleged that Daniels “did, through forcible compulsion, induce or cause [M.C.] to engage in deviate sexual intercourse, in violation of § 13A-6-63 of the Code of Alabama .... ” (C. 26.) The second indictment charging Daniels with sodomy alleged that Daniels “did, through forcible compulsion, induce or cause [K.W.] to engage in deviate sexual intercourse, in violation of § 13A-6-63 of the Code of Alabama....” (C. 28.)
 

 “One of the fundamental purposes that an indictment serves, which has been referred to by the United States Supreme Court and also by this Court, is to apprise a defendant of the nature and cause of the accusation made against him in order that he can prepare an adequate defense.”
 

 Ex parte State,
 
 568 So.2d 857, 862 (Ala.1990) (footnote omitted).
 

 “Rule 13.2(a), Ala.R.Crim.P., provides that an indictment ‘shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.’ In Alabama, ‘ “[a]n indictment is sufficient if it substantially follows the language of the statute violated, provided the statute prescribes with definitiveness the elements of the offense.” ’
 
 Travis v. State,
 
 776 So.2d
 
 *10
 
 819, 836 (Ala.Crim.App.1997), aff'd, 776 So.2d 874 (Ala.2000), quoting
 
 Breckenridge v. State,
 
 628 So.2d 1012, 1015 (Ala.Crim.App.1993).”
 

 Whitman v. State,
 
 903 So.2d 152, 157 (Ala.Crim.App.2004).
 

 The indictments against Daniels substantially followed the language of § 13A-6-63, Ala.Code 1975, and they gave Daniels notice of the charges against him. Although, as Daniels alleges, the indictments did not charge that he engaged in deviate sexual intercourse with the victims, the indictments clearly allege that
 
 he
 
 forced the victims to engage in deviate sexual intercourse. Under Alabama law, those allegations sufficiently charged Daniels with sodomy.
 

 Daniels’s argument — that he could not have been charged with sodomy because he only induced or caused both victims to engage in deviate sexual intercourse and he did not commit the act himself — is not a persuasive argument. By causing the victims to engage in deviate sexual intercourse, Daniels committed the crime of sodomy. Professor Wayne LaFave’s discussion of criminal liability is instructive here:
 

 “A principal in the first degree may simply be defined as the criminal actor. He is the one who, with the requisite mental state, engages in the act or omission concurring with the mental state which causes the criminal result. In each section of this Treatise which deals with a substantive offense, the elements are defined in terms of what an actor, or first degree principal, must do to be guilty of that offense.
 

 “One who uses an intermediary to commit a crime is not ordinarily a principal in the first degree. It is otherwise, however, when the crime is accomplished by the use of an innocent or irresponsible agent, as
 
 where the defendant causes a child or mentally incompetent or one without a criminal state of mind (most likely because the defendant has misled or withheld facts from him) to engage in conduct. In such a case the intermediary is regarded as a mere instrument and the originating actor is the principal in the first degree. The principal is accountable for the acts or omissions of the innocent or irresponsible person, and the principal’s liability is determined on the basis of that conduct and the principal's own mental state.
 
 Thus, if
 
 A,
 
 with intent to bring about
 
 B’s
 
 death, causes
 
 C
 
 (a child) to take
 
 B’s
 
 life,
 
 A
 
 is guilty of intent-to-kill murder. But because the crime of obtaining property by false pretenses requires an actual intent to defraud,
 
 A
 
 has not committed that crime by negligently causing
 
 B
 
 to make false statements to
 
 C.”
 

 2 Wayne R. LaFave,
 
 Substantive Criminal Law
 
 § 13.1(a) (2d ed.2003)(emphasis added; footnotes omitted).
 

 Although Alabama no longer draws a distinction between principals and accessories, see § 13A-2-20, Ala.Code 1975, the foregoing principle has been incorporated into statutory law in Alabama. Section 13A-2-22(a), Ala.Code 1975, states: “A person is legally accountable for the behavior of another if, acting with the culpable mental state sufficient for the commission of the offense in question, he causes an innocent person to engage in such behavior.” The Commentary to § 13A-2-22 provides, in relevant part:
 

 “This section states the principle that one is responsible for the commission of a crime when procured through the overt behavior of an innocent or irresponsible person, and codifies previously existing law.
 
 Johnson v. State,
 
 142 Ala. 70, 38 So. 182 (1904) (son of insane father guilty of murder for inciting fa
 
 *11
 
 ther to kill);
 
 Berness v. State,
 
 38 Ala.App. 1, 83 So.2d 607 (1953) (reversed on other grounds), aff'd, 40 Ala.App. 198, 113 So.2d 178, cert. denied, 269 Ala. 694, 113 So.2d 183 (1958) (owner in control of car liable for manslaughter for knowingly permitting intoxicated person to drive in such manner that death results). While this issue has been before the Alabama courts only rarely, the principle embodied in this section is well-founded at common law and is almost universal in application.”
 

 Daniels’s argument — that his actions did not constitute sodomy as the statute intended because he did not engage in the deviate sexual intercourse, himself — therefore fails. Daniels’s actions in directing the sodomy of a mother by her daughter and the sodomy of the daughter by her mother were perhaps more unusual than many aberrant acts of sodomy that are perpetrated on victims of sexual assaults, but Daniels was properly charged with sodomy because he acted with the necessary intent and caused innocent persons to engage in deviate sexual intercourse with one another.
 

 Although no appellate court opinion in Alabama has addressed this precise issue, our research has revealed that other states have addressed claims similar to the one Daniels has raised here — that he could not have been indicted for the actions of innocent participants even though he caused those actions to be performed — and have rejected those claims. For example, in
 
 State v. Thomas,
 
 619 S.W.2d 513 (Tenn.1981), the defendant forced a wife at gunpoint to perform fellatio on her husband, and then to perform fellatio on the defendant. The jury found the defendant guilty of both acts of criminal sexual conduct, and on appeal, the Tennessee Supreme Court held:
 

 “The conviction of the defendant under § 39-3703[, Tenn.Code Ann. (Cum. Supp.1978),] poses no problem with regard to the count charging the defendant with forcing the wife to perform fellatio upon himself.
 
 When the defendant forced the wife to perform fellatio upon her husband, however, the defendant was not the person who engaged in the direct sexual penetration of the victim. Nevertheless, we hold that the defendant is criminally liable as a principal for the offense with which he was charged.
 

 “At common law, the distinction between principals in the first and second degree had important procedural and substantive consequences. A principal in the first degree was one who actually committed the crime. A person who aided and abetted a crime and who was present at the scene of the crime was classified as a principal in the second degree. Although modern statutes have abolished some of the procedural consequences of the distinction ..., in some instances the distinction remains valid. Thus, the defendant here, as the only criminal actor, cannot be convicted as an aider or abettor T.C.A. §§ 39-109 and 110, because those statutes ‘presuppose that a principal exists’ who can be aided by the defendant.
 
 Lundy v. State,
 
 521 S.W.2d 591, 596 (Tenn.Crim.App.1974).
 

 “The defendant is, however, criminally liable under the common law rule regarding the use of innocent agents as the instrumentality of a crime.
 

 “Tf a person causes a crime to be committed through the instrumentality of an innocent agent, he is the principal in the crime, and punishable accordingly, although he was not present at the time and place of the offense, as is ordinarily required to render one guilty as a principal. As between him and the innocent agent,
 
 *12
 
 there is no such relation as principal in the first and second degree or principal and accessary; he alone is the guilty party. Under such circumstances, an exception to the rules applicable to principals and accessories, in the trial of criminal cases, arises ex necessitate legis.’
 

 “22 C.J.S. Criminal Law § 84 at 249.
 
 See, also,
 
 W. LaFave & A. Scott,
 
 Criminal Law
 
 § 63 (1972).
 

 “This rule of criminal liability has not been modified by statute. It cuts across all offenses, for the most part, regardless of the statutory wording of the offense, just as do the rules regarding aiders and abettors, accessories before the fact and accessories after the fact.
 
 The defendant who forces an innocent party to commit armed robbery, burglary, rape, incest, etc., is guilty as the only principal, even though the defendant does not commit the crime with his own hand.
 

 “In the situation before us, both husband and wife were victims and both were used as innocent agents of the defendant in the perpetration of the crime. The defendant committed the act of ‘sexual penetration’ by means of these agents and he was properly found guilty.”
 

 State v. Thomas,
 
 619 S.W.2d at 514-15 (emphasis added).
 

 In
 
 Parnell v. State,
 
 323 Ark. 34, 912 S.W.2d 422 (1996), Parnell was convicted of rape after he forced his two adopted children to engage in sexual intercourse with one another. Parnell argued on appeal that he could not be guilty of rape if the two children themselves were not guilty of that crime. The Arkansas Supreme Court noted that the male child was 9 or 10 years old when he had sexual relations with his 8-year-old sister, and that he had clear defenses to any charge of rape, one of which was that he acted under the duress of his adoptive father, Parnell. The Court upheld Parnell’s conviction and explained that Parnell was guilty because he committed the crime using an innocent agent. The Court stated:
 

 “The fact that B.P. [the male victim] would not be guilty of a crime, however, does not inure to Parnell’s benefit. An Arkansas statute specifically embraces the circumstances of the instant case and expressly makes complicitous conduct a crime:
 

 “ ‘A person is made criminally liable for the conduct of another person when:
 

 [[Image here]]
 

 “ ‘(3) Acting with the culpable mental state sufficient for the commission of the offense, he causes another person to engage in conduct that would constitute an offense but for a defense available to the other person.’
 

 “Ark.Code Ann. § 5-2^02 (Repl.1993);
 
 see also
 
 ArkCode Ann. § 5-2-405 (Repl. 1993). A plain reading of § 5-2-402(3) renders Parnell criminally culpable irrespective of B.P.’s age defense or the fact that he acted only under duress....
 

 “Our statutory law, as codified at § 5-2-402(3), resembles § 2.06(2) of the Model Penal Code:
 

 ‘“A person is legally accountable for the conduct of another person when:
 

 “ ‘(a) acting with the kind of culpability that is sufficient for the commission of the offense, he causes an innocent or irresponsible person to engage in such conduct....’
 

 “Model Penal Code § 2.06 (Am.L.Inst. 1985). The Comment to § 2.06(2) recognizes that
 
 the subsection is based on the universally recognized principle that one is no less guilty of the commission
 
 
 *13
 

 of a crime because he uses the overt conduct of an innocent agent.
 
 The Commentary to § 5-2-402(3), as originally codified at Ark.Code Ann. § 41-302 (Repl.1977), specifically acknowledged § 2.06 of the Model Penal Code and this principle.
 

 “Our interpretation of § 5-2-402(3) in this matter is consistent with results reached in other jurisdictions.
 
 See Morrisey v. State,
 
 620 A.2d 207 (Del.1993);
 
 State v. Harvey,
 
 303 Or. 351, 736 P.2d 191 (1987);
 
 State v. Presley,
 
 694 S.W.2d 867 (Mo.App.1985). In
 
 Morrisey v. State, supra,
 
 the Delaware Supreme Court reviewed a case where a defendant was convicted of multiple counts of unlawful sexual intercourse for forcing two couples at apparent gunpoint to engage in various sexual acts. The defendant argued on appeal that the innocent couples were voluntary social companions and neither forced the other into sexual activity. The Supreme Court dismissed the defendant’s argument and looked both to Delaware law concerning complicitous conduct and to Model Penal Code § 2.06 in affirming the convictions. The Court stated:
 

 ‘“It is well-established at common law that an individual is criminally culpable for causing an intermediary to commit a criminal act even though the intermediary has no criminal intent and is innocent of the substantive crime.’
 

 “Morrisey,
 
 620 A.2d at 211.
 
 The Court concluded that the innocent intermediaries were ‘viewed legally as only an instrumentality of the crime,
 
 ’
 
 and that the defendant was the principal perpetrator. Id.
 

 “In
 
 State v. Harvey, supra,
 
 the defendant contended on appeal that he could not be convicted of rape for forcing his 14-year-old son to engage in sexual acts with his 11-year-old stepdaughter. The Oregon Court of Appeals agreed, but the Oregon Supreme Court reversed and reinstated the rape convictions. In doing so, the Supreme Court invoked an Oregon statute on complicity which is similar to ours in Arkansas and wrote that under the statute it ‘is no defense for the adult defendant that his juvenile son could not be criminally tried for first degree rape although an adult could be.’
 
 Harvey,
 
 736 P.2d at 192.
 

 “And, finally, in
 
 State v. Presley, supra,
 
 the defendant was charged with rape for aiding and encouraging his 14-year-old stepson to have sexual intercourse with his adoptive daughter who was less than 14. The defendant argued that due to the age of his stepson, he could not be guilty of rape, but the Missouri Court of Appeals held that that fact did not absolve the defendant under Missouri statutes. The Court observed that Missouri’s complicity statute included, as a basis for liability, instances when a defendant causes an innocent person to commit the criminal acts.”
 

 Parnell v. State,
 
 323 Ark. at 37-39, 912 S.W.2d at 424-25 (emphasis added).
 

 Although we hold here that, under Alabama law, Daniels was legally accountable for the acts he caused the innocent victims here to perform and that he was properly charged with sodomy because he acted with the necessary intent and he caused innocent persons to engage in deviate sexual intercourse with one another, we note that our interpretation of the principles regarding Daniels’s criminal accountability under these facts is similar to the interpretation of several of our sister states.
 

 The trial court did not err when it denied Daniels’s motion for a judgment of acquittal on grounds that the sodomy indictments failed to properly charge him with sodomy.
 

 
 *14
 
 Based on the foregoing,
 
 the
 
 judgment of the circuit court is due to be affirmed.
 

 AFFIRMED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . We are using initials to preserve the anonymity of the victims, as required by Rule 52, Ala. R.App. P.