# IN THE SUPREME COURT OF IOWA

No. 19–0925

Submitted November 18, 2020—Filed December 18, 2020

**STATE OF IOWA,**

Appellee,

vs.

**AJAMU MANU EL-AMIN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Defendant seeks further review of court of appeals decision affirming his conviction on two counts of sexual abuse in the third degree. **DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl Soich, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael A. Salvner and Jaki L. Livingston, Assistant County Attorneys, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether the defendant's guilty plea was supported by a factual basis. According to the minutes of testimony, the defendant raped a woman, G.S., and then forced his companion, J.C., to have sex with the same woman against both of their wills. The defendant pled guilty to two counts of sexual abuse in the third degree in violation of Iowa Code sections 709.1(1) and 709.4(1)(*a*) (2017), and the district court sentenced him to consecutive prison terms of up to ten years on each count. The defendant appealed.

The victim in count I is identified as G.S., and the defendant does not challenge his conviction on that count. As to count II, however, the victim is identified as J.C., and the defendant argues there is no evidence that he committed a sex act against J.C. Accordingly, he argues his trial counsel was ineffective for allowing him to plead guilty to count II without a factual basis. We transferred the case to the court of appeals, which affirmed his conviction based on an aiding-and-abetting theory. The defendant applied for further review, and we granted his application.

On our review, we determine that J.C. is also a victim because the defendant forced him to commit a sex act against his will. Accordingly, count II is supported by a factual basis. We therefore affirm the decision of the court of appeals and the district court's judgment.

### I. Background Facts and Proceedings.

At dusk on April 4, 2017, G.S., age fifty, and two companions met behind the Salvation Army building and walked down an alley near Sixth Avenue and Forest Avenue in Des Moines. They carried a box of donated items Catholic Worker House staff had given one of them. They had stopped in the alley to drink Four Loko when Ajamu El-Amin approached with another man, J.C. El-Amin was yelling at J.C. and gripping him by

the arm. El-Amin knew G.S. and threatened her with a large stick, claiming she owed him $40 for protection. Her companions fled.

El-Amin grabbed G.S. and led her further down the alley. He told G.S. to take off her coat and put it on the ground. She complied. He told her to take off her pants, which she did. He pushed her over a retaining wall and forced her to have oral and vaginal sex with him. G.S. believed El-Amin had a knife in his hand and feared for her life. After El-Amin raped her, he told her to get on the ground and ordered J.C. to take off his pants, "get down and do her." J.C. complied, while El-Amin looked "crazy" and was "screaming really violently." Before J.C. and El-Amin departed, G.S. saw El-Amin take J.C.'s wallet.

After the men left, G.S. walked away crying in the opposite direction, and vomited. She went to the hospital the next day and also reported the assaults to police, who found condoms in the alley—one with the DNA of El-Amin. A few weeks later, G.S. encountered J.C. near Bethel Mission. He apologized and told her that El-Amin had stolen his wallet that night. G.S. later testified in her deposition that J.C. had been "terrified" during the assault and that she told him in their second encounter, "I know he didn't mean – wasn't doing it on his own account basically" and that she gave him the number for victim assistance.

The State filed a trial information charging El-Amin with sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3(1)(c), "by engaging in a sex act by force or against the will of G.S. and when aided or abetted by one person[]." After beginning jury selection and pursuant to a negotiated plea agreement, El-Amin pled guilty to two counts of third-degree sexual abuse, in violation of Iowa Code sections 709.1(1) and 709.4(1)(a). The victim in count I was identified as G.S. and the victim in count II was identified as J.C.

During the plea colloquy, the judge described the elements of the offense and explained that it included aiding and abetting:

> THE COURT: Okay. Now, we're talking about third-degree sexual abuse under Iowa Code section 709.4, so I want to just go over those elements with you.
>
> So the State would have to prove that in Polk County, Iowa, on or about April 4th of 2017, either individually or by joint criminal conduct, or by aiding and abetting another, you committed sexual abuse in the third degree by performing a sex act by force or against the will of another person and you weren't cohabitating as husband and wife.
>
> Mr. Salvner, what am I leaving out here?
>
> MR. SALVNER: I don't think you are leaving anything out. It's essentially -- and, Your Honor, I submitted one order and then I submitted another one that's marked, "Use this one," because I think it's really important with my Amended Trial Information to include -- I missed a really important subsection.
>
> So sex abuse in the third degree has many ways that it can occur. 709.4(1)(*a*) is the one that Mr. El-Amin is pleading guilty to, which is a crime against an adult, by force or against the will of that individual. So those are the elements.
>
> . . . .
>
> THE COURT: All right. Do you understand each and every element of the crime charged?
>
> [EL-AMIN]: Yes.

After confirming El-Amin understood the elements of the crime charged, the judge continued the colloquy to establish the factual basis:

> THE COURT: Can you tell me in your own words exactly what you did to commit those two charges.
>
> [EL-AMIN]: Forced [G.S.] to have sex and then intimidated that other guy and made sure he had sex with her too.
>
> . . . .
>
> THE COURT: All right. And would you agree you did engage in a sex act against the will of [G.S.]?
>
> [EL-AMIN]: Yes.
>
> THE COURT: And you had another gentleman that was there with you?
>
> [EL-AMIN]: Yes.

THE COURT: Do you remember his name?

[EL-AMIN]: [J.C.]

THE COURT: All right. What did you do to [J.C.]?

[EL-AMIN]: Intimidated him to have sex, too.

THE COURT: And who did he have sex with?

[EL-AMIN]: [G.S.]

. . . .

THE COURT: And can you tell me how you used intimidation to get him to do that.

[EL-AMIN]: He says it was a knife, but it wasn't a knife. It was a stick. A stick – a thick one, like [G.S.] said it was. He said a knife. [G.S.] said a stick. It was a stick.

THE COURT: All right. So you have a big stick. And what was – what were you doing with the big stick?

[EL-AMIN]: Threatening him with it, to have sex with her. Like, I was going to poke him with it.

THE COURT: And did he in fact have sex?

[EL-AMIN]: Yes.

THE COURT: And did you in fact have sex with [G.S.]?

[EL-AMIN]: Yes.

The court accepted the guilty plea, entered judgment, and sentenced him to a term of imprisonment not to exceed ten years on each count, with the sentences to run consecutively to each other and to a previously imposed prison sentence.

El-Amin appealed, arguing that he was denied effective assistance of counsel because his counsel allowed him to enter a guilty plea to count II without a factual basis. El-Amin conceded there was a factual basis to support his guilty plea to count I with G.S. as the victim, but he argues he could not be found guilty under count II because there was no evidence he committed a sex act against J.C. We transferred the case to the court of appeals, which affirmed El-Amin's conviction, concluding that there was "a sufficient factual basis to sustain El-Amin's guilty plea to count II based on an aiding-and-abetting theory." The court of appeals

noted that El-Amin admitted he had "threatened and intimidated J.C. into performing a sex act on G.S. by force or against her will." We granted El-Amin's application for further review.

## II. Standard of Review.

While generally a defendant must file a motion in arrest of judgment to challenge a guilty plea on appeal, an exception exists "when a defendant alleges trial counsel was ineffective for permitting him to plead guilty to a charge for which there is no factual basis and for failing to thereafter file a motion in arrest of judgment." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "Our review of claims of ineffective assistance of counsel is de novo." *State v. Ortiz*, 905 N.W.2d 174, 179 (Iowa 2017).[1]

## III. Analysis.

We must decide whether a factual basis supports El-Amin's plea of guilty to count II when he did not have sexual contact with the named victim, J.C., but rather forced J.C. to have sex with G.S. against both of their wills. If a factual basis is lacking, then his counsel provided constitutionally deficient representation by allowing El-Amin to plead guilty to count II.

El-Amin must show he received ineffective assistance of counsel. "The [C]onstitutions of the United States and Iowa guarantee a criminal defendant the right to effective assistance of counsel." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020). A defendant proves ineffective assistance of counsel when he establishes: "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). A guilty plea must have a factual basis.

---

[1]Because the district court entered El-Amin's judgment of conviction and sentence before July 1, 2019, this case is not governed by the amendments that year to Iowa Code sections 814.6 and 814.7 restricting appeals from guilty pleas and ineffective-assistance-of-counsel claims. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

Iowa R. Crim. P. 2.8(2)(*b*). "Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." *State v. Ortiz,* 789 N.W.2d 761, 764 (Iowa 2010). "Prejudice is presumed under these circumstances." *Id.* at 764–65.

"[T]o succeed on the essential duty prong, [the defendant] must demonstrate the record lacks a factual basis to support his guilty plea to [the crime charged]." *Id.* at 765. El-Amin does not contest the factual basis as to count I, but he does challenge his plea to count II. More specifically, El-Amin argues there was no evidence that he performed a sex act on J.C.[2] Iowa Code section 709.4(1)(*a*), the statute El-Amin pled guilty to violating, provides:

> 1. A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
>
> *a.* The act is done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person.

---

[2]Sex Act is defined in Iowa Code section 702.17 as follows:

> The term "*sex act*" or "*sexual activity*" means any sexual contact between two or more persons by any of the following:
>
> 1. Penetration of the penis into the vagina or anus.
>
> 2. Contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person.
>
> 3. Contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 151, or 152.
>
> 4. Ejaculation onto the person of another.
>
> 5. By use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

While section 709.3(1)(*c*), the statute that the State originally charged El-Amin under, explicitly includes aiding and abetting, section 709.4(1)(*a*) does not. However, under Iowa Code section 703.1:

> All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, shall be charged, tried and punished as principals. The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part the person had in it, and does not depend upon the degree of another person's guilt.

Moreover, both the trial information and plea colloquy mentioned theories of accomplice liability. As such, these charges "embraced the concept of joint criminal conduct." *State v. Rodriguez*, 804 N.W.2d 844, 853 (Iowa 2011) (holding the factual basis was sufficient because, despite the joint criminal conduct theory not being mentioned in the guilty plea colloquy, it was included in the trial information and preliminary hearing, so "the *charge* to which [the defendant] pled guilty embraced the concept of joint criminal conduct"). The court of appeals concluded that a factual basis exists for El-Amin's conviction under count II under an aiding and abetting theory. We agree the factual basis exists, although for different reasons.

First, El-Amin does not avoid culpability under count II merely because he personally committed no sex act on J.C. *State v. Finnigan* is instructive. 478 N.W.2d 630, 632 (Iowa 1991). There, the defendant, Mary Finnigan, was convicted of second-degree sexual abuse under Iowa Code section 709.3(3) (1989), even though she did not commit the sex acts herself. *Id.* at 631–32. Rather, she had "initiated the sexual acts [between her daughter and her husband] by demanding that the victim go into the bedroom and then directing her in specific ways to engage in sexual acts." *Id.* at 631. She had threatened to hit her daughter if she did not listen

and had followed through on this threat often. *Id.* She took photographs of some of the sex acts. *Id.*

Finnigan argued that she was erroneously charged under section 709.3(3) and the court had to acquit her. *Id.* at 632. Sexual abuse under section 709.3(3) is sexual abuse in which "[t]he person is aided or abetted by one or more persons and the sex act is committed by force or against the will of the other participant." *Id.* (alteration in original) (quoting Iowa Code § 709.3(3)). Finnigan argued that under the plain language of section 709.3(3), only the principal could be convicted and her husband was the principal. *Id.* We disagreed, noting that "Iowa does not distinguish between principals who perpetrate a crime and those who aid and abet them. All concerned are charged, tried and punished as principals." *Id.* (citing Iowa Code § 703.1). Accordingly, we held that "there is nothing in [section 709.3(3)] which prevents an aider and abettor from being charged, tried and punished as a principal under Iowa Code section 703.1." *Id.*

Similarly, while Iowa Code section 709.4(1)(*a*) (2017) does not mention aiding and abetting, we determine that "there is nothing in the section which prevents an aider and abettor from being charged, tried and punished as a principal under Iowa Code section 703.1." *Id.* In any event, El-Amin is equally culpable under section 703.1 whether he is the principal or an aider and abettor.

> [W]hen [a] crime is accomplished by the use of an innocent or irresponsible agent, . . . or a person he has coerced to engage in conduct[,] . . . the intermediary is regarded as a mere instrument and the originating actor is the principal in the first degree.

2 Wayne R. LaFave, *Substantive Criminal Law* § 13.1(a), at 443–44 (3d ed. 2018) (footnotes omitted).

In *State v. Thomas*, the defendant threatened a married couple at gunpoint to engage in sexual conduct. 619 S.W.2d 513, 513–14 (Tenn. 1981). The Tennessee Supreme Court held that the defendant was "criminally liable as a principal." *Id.* at 514. The *Thomas* court noted that he could not be convicted as an aider or abettor, because he was the "only criminal actor." *Id.* The court held that a "defendant who forces an innocent party to commit [a crime] is guilty as the only principal, even though the defendant does not commit the crime with his own hand." *Id.*; *see also Daniels v. State*, 35 So. 3d 7, 10–11 (Ala. Crim. App. 2009) (noting Alabama no longer distinguishes between principals and accessories and holding the defendant "was properly charged with sodomy because he acted with the necessary intent and caused innocent persons to engage in deviate sexual intercourse with one another"); *Morrisey v. State*, 620 A.2d 207, 211 (Del. 1993) (affirming conviction for unlawful sexual intercourse when defendant forced two people at gunpoint to have sex with each other against their will, stating, "the innocence of the intermediary is irrelevant in determining the guilt of the defendant who causes the innocent intermediary to act, because the latter is viewed legally as only an instrumentality of the crime").

The court of appeals did not address whether J.C. is also a victim. In our view, J.C. indeed is a victim of El-Amin's criminal wrongdoing. J.C.'s own lack of criminal culpability under a duress or compulsion defense[3] in no way precludes El-Amin's criminal liability for abetting J.C.'s

---

[3]Iowa Code section 704.10 defines a "compulsion" defense as:

> No act, other than an act by which one intentionally or recklessly causes physical injury to another, is a public offense if the person so acting is compelled to do so by another's threat or menace of serious injury, provided that the person reasonably believes that such injury is imminent and can be averted only by the person doing such act.

sex act with G.S.  *See* Iowa Code § 703.1 ("The guilt of a person who aids and abets the commission of a crime . . . does not depend upon the degree of another person's guilt.").

Under similar circumstances, other courts have determined that each person forced by the defendant to commit a sex act with another person is a victim.  For example, the *Thomas* court held that "both [the] husband and wife were victims" when forced by the defendant to have sex.  619 S.W.2d at 514.  And in *Yeager v. State*, the defendant argued that while he admittedly "forced the two victims to sodomize each other," that was insufficient to convict him under the sodomy statute because he personally didn't sodomize either victim.  786 S.W.2d 210, 210 (Mo. Ct. App. 1990).  The appellate court rejected his argument and held there was a factual basis for his guilty plea, noting that "causing an innocent person to commit the proscribed conduct renders the one who causes the conduct liable."  *Id.*  The *Yeager* court determined that the defendant was "criminally liable for the conduct of the *innocent* person he caused to commit the offense."  *Id.* (emphasis added); *see also Parnell v. State*, 912 S.W.2d 422, 423–25 (Ark. 1996) (affirming conviction of the defendant who forced his children to have sex with each other and noting "the universally recognized principle that one is no less guilty of the commission of a crime because he uses the overt conduct of an *innocent* agent" (emphasis added)); *Henry v. State*, 229 So. 3d 390, 393–94 (Fla. Dist. Ct. App. 2017) (affirming conviction on multiple counts of sexual battery for compelling four victims at gunpoint "to perform nonconsensual sexual acts upon each other"); *State v. Bobenhouse*, 214 P.3d 907, 908, 910 (Wash. 2009) (en banc) (affirming convictions of the defendant who "can be held legally

---

*See also State v. Walton*, 311 N.W.2d 113, 115 (Iowa 1981) (discussing defenses of necessity and compulsion or duress).

accountable for child molestation based on causing conduct by one [child] against another, even though the defendant did not personally touch the victims").

We find these authorities persuasive. Because J.C. was a victim as well as G.S., there is a factual basis for El-Amin's plea of guilty to count II. El-Amin's ineffective-assistance-of-counsel claim fails.

**IV. Disposition.**

For those reasons, we affirm the decision of the court of appeals and the district court's judgment of conviction and sentence.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**